ISAIAH DONNELL, in equity,

*vs.*

KINGSBURY DONNELL, and others.

Androscoggin.    Opinion August 17, 1894.

*Insurance. Interest. Assignment. Lien. Mortgage. R. S., c. 49, § 52.*

Fire insurance is, in effect, a contract of indemnity against loss or damage suffered by an owner or person having an interest in the property insured.

An attaching creditor has an insurable interest in the buildings covered by his attachment. But where he fails to procure any insurance on such interest and the debtor takes out a policy at his own expense, *Held*, that the latter effects insurance on his own interest in the property and not on that of his creditor.

After the adjustment and payment of loss under such policy, the funds being held through an assignment of the debtor to his sureties and a mortgage of the premises insured, the creditor claimed on account of the unsatisfied part of his judgment a lien on the insurance money, and of which there was an

excess in the hands of the sureties above their claim, upon the ground that
the mortgage and assignment of the policy were in fraud of his rights. Upon
a bill in equity to enforce the lien, *Held*, that the bill can not be sustained;
that there is no privity of contract or of estate, between the plaintiff and
either of the defendants, that could form a basis for such a lien.

*Also*, that the assignment of the policy to the sureties with the consent of the
company was a new and original contract of indemnity with the assignees,
who were not indebted to the plaintiff, and who had no contractual relations
with him.

ON REPORT.

This was a bill in equity, heard on bill, demurrer of the
defendants, Kingsbury Donnell, and the two insurance compa-
nies, and answers of the other defendants, and testimony.

The case appears in the opinion.

*J. W. and C. B. Mitchell*, for plaintiff.
*Savage and Oakes*, for defendants.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL,
WHITEHOUSE, JJ.

WHITEHOUSE, J.   The question involved in this case will
appear from the following statement of facts.

The defendant, Kingsbury Donnell, owned certain real estate
with buildings thereon, and was indebted to the plaintiff.   Sep-
tember 4, 1891, the plaintiff brought suit on his debt and
attached Kingsbury Donnell's real estate.   October 28, 1891,
Kingsbury Donnell procured two policies of insurance on his
buildings.   January 18, 1892, Kingsbury conveyed this real
estate to his sons, the defendants, Benjamin F. and Charles
K. Donnell, and on the same day assigned to them the
insurance policies.

The defendants, Potter and Bryant, were sureties on Kings-
bury Donnell's bond as executor of an estate, and this bond has
been put in suit.   Thereupon, April 28, 1892, B. F. and
Charles K. Donnell mortgaged the premises to Potter and
Bryant to secure them for their liability on this bond.

The buildings were burned September 20, 1892, and due
notice of the loss was given to the defendant insurance compa-
nies.   Potter and Bryant, as mortgagees, also gave notice to

the companies, and seasonably began suit to enforce their lien as provided by statute. September 22, 1892, Benjamin F. and Charles K. Donnell gave an order to the insurance companies directing the money to be paid for the benefit of Potter and Bryant. December 8, 1892, they further secured Potter and Bryant by a written assignment of the policies and the money due thereunder.

The plaintiff's attachment was perfected by a sale of the land on execution December 10, 1892, and his judgment thus satisfied in part. The debtor had no other property available and sufficient for the payment of the plaintiff's claim.

The insurance companies, having been indemnified for so doing, paid the insurance money to Potter and Bryant, who now have in their hands a balance of $523.49, after paying the amount for which they were liable on Kingsbury Donnell's bond.

The plaintiff claims that he has a lien on the insurance money which can be enforced by this bill in equity, on the ground that the conveyance of the real estate and the assignment of the insurance policies from Kingsbury Donnell to his sons were made with a fraudulent purpose towards creditors.

We cannot concur in this view. There was no privity of contract or of estate between the plaintiff and either of the defendants, that could form a basis for such a lien. "An insurance of buildings against loss by fire," says Shaw, C. J., in *Wilson* v. *Hill*, 3 Met. 68, "although in popular language it may be called an insurance of the estate, is in effect a contract of indemnity with an owner or other person having an interest in the preservation of the buildings, to indemnify him against any loss which he may sustain in case they are destroyed or damaged by fire." So in *Carpenter* v. *Ins. Co.*, 16 Pet. 503, it is said that, "policies of insurance against fire are not deemed in their nature incident to the property insured; but they are only special agreements with the persons insuring against such loss as they may sustain, and not the loss that any other person having an interest as grantee or mortgagee or creditor or otherwise, may sustain."

When Kingsbury Donnell effected the insurance in question the property was subject to the plaintiff's attachment. The plaintiff then had a right in the property which the court would enforce against it, a right so closely connected with it, and so much dependent for value upon the continued existence of it that a loss of the property would cause pecuniary damage to him. He therefore had an insurable interest in the property. *Rohrbach* v. *Ins. Co.* 62 N. Y. 54; *Herkimer* v. *Rice*, 27 N. Y. 163; Wood on Fire Insurance, § 298; *Cumberland Bone Co.* v. *Ins. Co.* 64 Maine, 466. But he omitted to procure any insurance on his interest as an attaching creditor; and when Kingsbury Donnell took out the policies in question, he effected insurance on his own interest in the property and not on the plaintiff's interest. So far as appears, the plaintiff was in no respect instrumental in procuring this insurance, was under no obligations to pay the premium for it, and in fact paid no part of the premium. If the buildings had been destroyed by fire before the conveyance of the property by Kingsbury Donnell and the assignment of the policies to his sons, the insurance money would obviously have belonged to Kingsbury Donnell. The plaintiff would have no interest in it, legal or equitable, for the simple reason that the contracts of indemity were not with him, but with Kingsbury Donnell; they did not relate to his interest in the property, but to that of Kingsbury Donnell. He could only have made it available for the payment of his claim by the ordinary trustee process as a debt due from the insurance companies to Kingsbury Donnell. His situation would not have been so favorable as that of a mortgagee at common law, since the mortgagee's interest arises from contract, while the process of acquiring a lien by attachment is wholly *in invitum.* Our statute (R. S., c. 49, § 52,) gives the mortgagee a lien upon any policy of insurance procured by the mortgagor, to take effect from the time he files a written notice with the company as there provided. But in the absence of such a statute, a mortgagee would have no more right than any other creditor to claim the benefit of insurance effected by the mortgagor. "We know of no principle of law or equity," says Mr. Justice Story

in *Ins. Co.* v. *Lawrence*, 10 Pet. 512, "by which a mortgagee has a right to claim the benefit of a policy underwritten for the mortgagor, on the mortgaged property, in case of loss by fire. It is not attached or an incident to his mortgage. It is strictly a personal contract for the benefit of the mortgagor, to which the mortgagee has no more title than any other creditor."

But if the plaintiff would have had no claim to the insurance money, if the loss had occurred while the title to the property remained in Kingsbury Donnell, and the contracts of indemnity were with him, then *a fortiori* he has no right to it after alienation of the property and the assigment of the policies of insurance to his sons. The conveyance would have rendered the contracts of insurance with Kingsbury Donnell null and void, if the companies had not consented to the assignment of the policies. The effect of this transaction was to make a new and original contract of indemnity with the assignees, who were not indebted to the plaintiff, and had no contract relations with him. *Wilson* v. *Hill, supra.*

It is the opinion of the court that the entry must be,

*Bill dismissed with costs.*