HEALEY ICE MACH. CO. v. GREEN et al.

(Circuit Court, E. D. North Carolina. October 3, 1910.)

No. 293.

1. MECHANICS' LIENS (§ 245*)—PROCEEDINGS TO ENFORCE—JURISDICTION OF FEDERAL COURT IN EQUITY.

While Revisal N. C. 1905, § 2027, gives a right of action at law for the enforcement of a mechanic's lien, a Circuit Court of the United States sitting in equity has jurisdiction to entertain a bill for that purpose, especially where there are conflicting liens to be adjusted.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 428; Dec. Dig. § 245.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

2. HUSBAND AND WIFE (§ 14*)—MECHANICS' LIENS (§ 73*)—LANDS OWNED BY HUSBAND AND WIFE—LAW OF NORTH CAROLINA.

Under the decisions of the Supreme Court of North Carolina which establish a rule of property controlling in the federal courts in that state, a conveyance of land to a husband and wife vests them with an estate by entireties, which cannot be aliened, burdened, or otherwise affected except by their joint action, and a mechanic's lien cannot be acquired thereon through a contract with the husband alone.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 14;* Mechanics' Liens, Cent. Dig. § 88; Dec. Dig. § 73.*]

3. MECHANICS' LIENS (§ 75*)—LANDS OF MARRIED WOMAN—NORTH CAROLINA STATUTE.

Under Revisal N. C. 1905, § 2015, by which the lands of a wife become subject to a mechanic's lien only for improvements made with her "consent or procurement," something more than mere knowledge that her husband is making the improvement is required.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 106; Dec. Dig. § 75.*]

4. MECHANICS' LIENS (§ 76*)—SUIT TO ENFORCE—DEFENSES—ESTOPPEL.

A provision, in a mortgage given by a husband and wife on property the title to which was in both, that any sum which might be paid by the mortgagee to remove prior liens should be added to the debt secured, was not an acknowledgment by the wife of a prior mechanic's lien claimed on the property, which estopped her to contest its validity.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 104; Dec. Dig. § 76.*]

5. INSURANCE (§ 580*)—RIGHTS AFFECTED—PROCEEDS OF INSURANCE.

The holder of a mechanic's lien has no claim on the proceeds of insurance policies taken out by the owner and payable to himself or to a mortgagee.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1439–1443; Dec. Dig. § 580.*]

In Equity. Suit by the Healey Ice Machine Company against Robert Green, Louisa A. Green, and others. Bill dismissed. Suit retained on cross-bill.

A. B. Andrews, Jr., for complainant.

Skinner & Whedbee, S. Brown Shepherd, and T. H. Calvert, for defendants.

CONNOR, District Judge. This cause was set down for hearing upon the pleadings. The facts, for the purpose of the hearing and disposition at this time, are not controverted. Complainant company, a resident of the state of Illinois, on the 21st day of April, 1906, entered into a contract with defendant Robert L. Green, a resident of the county of Pitt, in the Eastern district of North Carolina, whereby it undertook and obligated itself to deliver and erect "in his building in the city of Greenville, North Carolina, on foundations to be built by him, one of its improved ice-making machines, with steam engine, boiler condenser, freezing tank," and other machinery incident thereto, for the price of $5,000, one-third of which was to be paid when the machine was shipped, and the remainder "when the machine is fulfilling guarantee named in contract." A copy of the contract is attached to the original bill.

Complainant alleges that it delivered, erected, and set up the machine in accordance with its contract, and in all respects complied therewith; that one-third of the purchase price was paid by defendant Green according to his contract; that he has not paid the balance, or any part thereof; that the machine was erected on a tract or lot of land lying in the town of Greenville, Pitt county, owned by defendant Robert Green and his wife, Louisa·A. Green, by virtue of a deed executed to them jointly; that on the 28th day of September, 1906, defendants Robert Green and wife executed to John W. Aycock a deed of trust conveying the said real estate upon which said machine was erected, for the purpose of securing the payment of a note for $1,250, executed by said defendants, payable to defendant the National Bank of Greenville; that this deed was duly registered; that on December 4, 1906, complainant, pursuant to the provisions of the Constitution and statutes in force in North Carolina, filed notice of lien in the office of the clerk of the superior court for Pitt county "for work and labor done and material furnished in the erecting, putting up, constructing, and equipping of the said ice .machine hereinbefore described," etc. A copy of said notice of lien is attached to the original bill herein.

Defendants Robert L. Green and wife filed an answer, admitting the execution of the contract set up in the original bill and the terms thereof. They admit the shipment of certain machinery and the erection thereof on the lot of land described in the bill, but deny that said machinery was either delivered or set up in accordance with the contract, or the guaranties therein. They further allege that the machinery set up was defective and inadequate for the manufacture of ice, etc., and failed in many respects to comply with the terms of the contract. They deny that they are indebted to complainant in any sum whatever. They admit the execution of the trust deed to defendant J. W. Aycock, and allege that they are indebted to the National Bank of Greenville in the sum of $1,250, as therein set forth. They admit that the real estate upon which the machinery was erected belongs to them jointly, subject to the trust deed to defendant Aycock, and deny that complainant was entitled to, or could acquire, any lien thereon. Defendant R. L. Green, by leave of the court, filed a cross-bill alleging a breach of warranty in the sale, construction, and erection of the machine, whereby he had sustained large damage, etc. A further reference to the allegations of the cross-bill need not here be made.

Thereafter complainant filed a supplemental bill, alleging that, subsequent to filing the original bill and the answer thereto, defendants R. L. Green and wife sold the lot upon which said machine was erected, with the buildings, machine, etc., to R. L. Hill and D. B. Johnson for the price of $4,000, of which $500 was paid cash, and notes executed for the remaining part of said purchase price; that said notes were deposited with J. F. Forbes, cashier of the National Bank of Greenville; that on May 4, 1908, said Hill and Johnson took out policies of insurance in the companies named in the supplemental bill on said property to the amount of $4,000, payable to said R. L. Hill and D. B. Johnson, Robert L. Green and wife, and the National Bank of Greenville, "as their interest may appear"; that on the night of September

8, 1908, the said ice factory and building, with all of its contents, was destroyed by fire; that the insurance companies adjusted the loss at $3,845. Complainant alleges that by virtue of the alleged lien on said property it is entitled to the proceeds of the policies of insurance. It prays that process issue against Hill and Johnson, the insurance companies, and J. F. Forbes, cashier of the National Bank of Greenville; that the insurance companies be directed to pay the proceeds of the policies into court; and that the same be adjudged and decreed to represent the said property, and that the lien of complainant be transferred to said proceeds, and the same be applied to the payment of the amount due from defendant Robert L. Green, and for other and further relief, etc.

Process having issued as prayed, defendants Robert L. Green and wife, Louisa A., Hill and Johnson, and J. F. Forbes, filed separate answers, in which they admit the sale of the property and the disposition of the notes as alleged, except that they say that one of said notes for $400 was assigned to T. B. Mosely for value and is now owned by him. Said defendants deny that complainants have any interest in or claim to the proceeds of said policies, or any part thereof, and allege that the same should be applied, first, to the discharge of the balance due on the note (a part thereof having been paid) due the National Bank of Greenville; second, to defendants Robert L. Green and wife to the extent necessary to discharge the amount due them on account of the purchase price (the amount received by the bank being a part thereof); third, the balance to Hill and Johnson.

Thereafter H. A. White filed his petition in the cause, alleging that since filing the supplemental bill and answer thereto said Hill and Johnson had assigned all of their interest in said funds to him, and asking that whatever sum was found to be due them from the proceeds of said insurance policies be paid to him. Pursuant to a consent order made in the cause the several insurance companies paid the amount of the loss into the registry of the court.

While the North Carolina statute (Revisal 1905, § 2027 et seq.) gives an action at law for the enforcement of a mechanic's lien, it seems that, upon the authority of Sheffield Furnace Company v. Witherow, 149 U. S. 574, 13 Sup. Ct. 936, 37 L. Ed. 853, the Circuit Court of the United States, sitting in equity, has jurisdiction to entertain a bill for that purpose. This is especially true when, as in this case, there are conflicting liens upon the property, which a court of equity alone can adjust. It is by no means clear that the complainant's case comes within the language of the Constitution giving a lien, article 14, § 4, or Revisal 1905, § 2016:

"Every building built, rebuilt or improved shall be subject to a lien for the payment of all debts contracted for work done on the same or material furnished."

Certainly complainant has not "built or rebuilt" any "building" on defendant's premises. If it comes within the language or the equity of the statute, its place must be found in the word "improved." As the case must "go off" upon other grounds, it is not necessary to discuss or decide the question whether any lien is given by the statute, or,

if so, the question as to whether, when the contract is entire, the amount due for "material furnished" may be separated from that due for "labor performed." The distinction would become important by reason of the constitutional provision securing a homestead as against the first, and not as against the last.

The complainant is met, at the threshold, with the fact that the land upon which it seeks to fix a lien is owned by the defendant R. L. Green and his wife, Louisa A. Green; and this, as uniformly held by the Supreme Court of this state, which is the "rule of property" controlling this court, gives them an estate by entireties, which cannot be aliened, burdened, or in any manner affected, except by their joint action. In Hood v. Mercer, 150 N. C. 699, 64 S. E. 897, it is held, in accordance with an unbroken line of decisions, that a judgment against the husband does not constitute a lien upon land owned by his wife and himself. They may convey a good and indefeasible title subsequent to, and notwithstanding, the docketing of the judgment. Authorities from other states are cited to the effect that the interest of the husband may be burdened with the lien. Boisot on Mechanic's Liens, § 28. The law in this state is otherwise.

The deed to the land, under which Green and wife claim title, bears date May 12, 1906, and following the description contains these words:

"This being a piece or parcel of land on which Robert Green is now erecting an ice plant."

It is insisted that this language put Mrs. Green upon notice that the lot was, or might become, subject to a lien for the labor and materials performed and furnished, etc. The case of Bank v. Vass, 130 N. C. 593, 41 S. E. 791, is relied upon to sustain this contention. It was there held that the words, "Said 239 acres is subject to a mortgage or deed of trust for about $1,650, balance of purchase money on same," following the description, and the words following the warranty clause, "that the same are free from all incumbrances whatever, except as above stated," established a trust in equity in favor of the creditor. There are other cases in the books to the same effect, but it will be noted that in all of them the language is very much more specific in its character than here. This language certainly cannot operate by way of an estoppel as between complainants and the feme grantee; but, assuming that it could do so, what would be its effect? The only fact asserted is that her husband was building an ice plant on the lot. Suppose that he had thereafter executed a mortgage to complainant for the price of the plant, it will hardly be contended that she was estopped to assert her title as against the mortgage. If the recital is relied upon to bring her within the language of section 2015, Revisal 1905, it will be noted that, by that statute, her property becomes liable when the improvements on her land are made with her "consent or procurement." This language indicates something more than mere knowledge that her husband is making the improvement; otherwise the title to her separate real estate, supposed to be protected by carefully devised constitutional and legislative safeguards, would be, as to liens of this character, easily burdened. To consent to or procure improvements on one's real estate requires some act, or words, much more unequivocal than mere silence with knowledge of the fact.

Attention is called to the fact that, in the trust deed executed by Green and wife to Aycock, this provision is found:

"It is further stipulated and agreed that any sum expended by the parties of the third part [National Bank of Greenville] to remove any prior liens or incumbrances shall be added to and constitute a part of the debt hereby secured and shall bear interest at the same rate."

This deed was executed September 28, 1906. This language cannot be invoked by complainants as a promise to pay, or otherwise provide for the payment, of its debt. Assuming, however, that, to give effect to the purpose of the statute, a court of equity would hold that the lien was valid upon the machine and fixtures, and could be enforced by treating them as removable trade fixtures, complainant is confronted with the difficulty that this property has been destroyed by fire. It endeavors to meet this condition by its supplemental bill, in which it asserts an equity to have the alleged lien transferred to the proceeds of the insurance policies; and to that end, for the purpose of preserving the fund until the rights of the parties can be determined, the money was paid into court and awaits the final decree in this cause.

Has complainant any claim upon, or interest in, the proceeds of the insurance policies? It would seem that complainant, in respect to this phase of the case, can be in no more favorable attitude than a mortgagee. Assuming a valid lien existed, that it had an insurable interest in the property is well settled. Royal Ins. Co. v. Stinson, 103 U. S. 25, 26 L. Ed. 473. That a mortgagee, in the absence of any contract on the part of the mortgagor to insure for his benefit, has no right to the proceeds of an insurance policy taken out by the mortgagor with loss payable to himself, is uniformly held by the courts. In Columbian Ins. Co. v. Lawrence, 10 Pet. 507, 9 L. Ed. 512, Story, J., says:

"We know of no principle of law or of equity by which a mortgagee has a right to claim the benefit of a policy underwritten for the mortgagor on the mortgaged property in case of a loss by fire. It is not attached, or an incident, to his mortgage. It is strictly a personal contract for the benefit of the mortgagor, to which the mortgagee has no more title than any other creditor."

See, also, Carpenter v. Prov. Wash. Ins. Co., 16 Pet. 495, 10 L. Ed. 1044.

In Farmers' Loan, etc., Co. v. Penn Plate Glass Co., 186 U. S. 434, 22 Sup. Ct. 842, 46 L. Ed. 1234, it is held that, in the absence of any contract on the part of the mortgagor to insure the property for the benefit of the mortgagee, the latter has no equity upon which he can base a claim to the proceeds of the policy. It is said by Justice Peckham:

"There was no contract in the policies covering the interest of the complainant as mortgagee, nor was the insurance in fact effected for the purpose of carrying out any agreement or obligation on the part of the Penn Company with the complainant to effect insurance covering the interest of the bondholders."

See same case, 103 Fed. 132, 43 C. C. A. 114, 56 L. R. A. 710; Chipman v. Carroll, 53 Kan. 163, 35 Pac. 1109, 25 L. R. A. 305; Vance on Ins. 418; May on Ins. § 456.

In Galyon v. Ketchen, 85 Tenn. 55, 1 S. W. 508, it is held that the holder of a mechanic's lien upon property has no claim upon insurance effected by the owner and assigned to the mortgagee after the loss, but before the lienor's bill is filed. Donnell v. Donnell, 86 Me. 518, 30 Atl. 67; Stamps v. Insurance Co., 77 N. C. 209, 24 Am. Rep. 443.

Any suggestion of an intention on the part of Hill and Johnson, who took out the policies, to protect complainant's alleged liens, is negatived by the fact that both they and their grantors denied that any debt was due complainant, or that the property was subject to any lien. Again, the proceeds of the policy are specifically appropriated by its terms. There being no obligation on the part either of Hill and Johnson or Green and wife to insure for the benefit of complainant, it is difficult to perceive how a court of equity could appropriate to it money due upon an express contract by the insurance company to defendants. Equity seeks to effect the intention of parties, and only to prevent fraud renders decrees contrary to the expressed intention.

Upon a consideration of the case, upon any aspect, the conclusion is reached that complainant is not entitled to maintain its original or its supplemental bill. The question arising upon defendant Green's cross-bill will be reserved until the coming in of the report of the special master. Let a decree be drawn referring the question as to the interest of the several defendants and interveners in the proceeds of the insurance policies. The cause will be retained for further orders.