HESSELTINE v. PRINCE et al.

(District Court, D. Massachusetts. July 6, 1899.)

No. 1,011.

1. BANKRUPTCY—PROPERTY VESTING IN TRUSTEE—ESTATE BY CURTESY.

In Massachusetts, under the statutes of that state, a husband's interest in the real estate of his wife, during her lifetime and after issue born, is not property which he could convey or assign, and consequently it will not pass to his trustee in bankruptcy as assets of his estate.

2. SAME—POWERS.

A husband's interest in his wife's real estate during her life is not a "power," within the meaning of Bankruptcy Act 1898, § 70(3), vesting in a bankrupt's trustee "powers which he might have exercised for his own benefit."

In Bankruptcy. On demurrer to a bill in equity filed by the complainant, as trustee in bankruptcy, to reach certain property alleged to be assets of the estate in bankruptcy.

Hesseltine & Hesseltine, for complainant.

James P. Prince, for defendants.

LOWELL, District Judge. This was a bill in equity filed in the district court, under the provisions of the bankrupt law, to reach the interest of a husband, after the birth of issue, in the real estate of which his wife is seised; the wife being still alive. The defendant raised no objection to the jurisdiction of the court or to the form of proceeding, but demurred to the bill for want of equity. It is necessary, therefore, to determine if the right of the husband, whether it be properly described as tenancy by the curtesy initiate, or otherwise, passes to the trustee in bankruptcy, under the present law. The rights of the husband in the property of his wife are limited by the statutes of Massachusetts, and this court is governed by the interpretation put upon those statutes by the supreme court of the commonwealth. In Lynde v. McGregor, 13 Allen, 182, 184, it was said by Mr. Justice Gray that "these statutes are inconsistent with the hypothesis that the husband has any estate in his wife's land which he can convey separately during her lifetime, or which will pass to his assignees in insolvency." The insolvent law of Massachusetts (Gen. St. c. 118, § 44) vested in the assignee in insolvency all the property of the debtor which the latter could have lawfully sold, assigned, or conveyed. This language is as broad as that of section 70(5) of the bankrupt act, and hence it must be taken that the husband's right in his wife's real estate above described does not pass to the trustee in bankruptcy. See, also, Walsh v. Young, 110 Mass. 396, 399. Section 70(3) was relied upon in argument by counsel for the trustee; but, however the husband's right in his wife's real estate should be described, it certainly is not a power. Demurrer sustained, and bill dismissed, with costs against the estate.