## GEORGE E. FREY

*vs.*

## GEORGE K. McGAW, FRANK W. HOPPER, JAMES R. WARDEN, co-partners trading as Hopper, McGaw & Co., et al.

*Judgments: liens; leasehold and real property.  Husband and wife: tenants by entireties.  Bankrupts: discharge personal; no effect on outstanding liens; judgments, when valid against bankrupt's estate.*

A judgment against joint defendants is an entirety.        p. 25

Under Article 26, section 19 of the Code, the entry of a judgment makes it a lien upon the defendant's leasehold as well as his real property, except in certain enumerated cases.        p. 25

To perfect such lien no actual levy is necessary.        p. 25

A joint judgment against a man and wife, who own real and leasehold property as tenants by the entireties, operates as a lien upon the property so held.        p. 25

But where a judgment is recovered against one only of the tenants by the entireties, no lien can attach to the interest of the judgment debtor in such property.        p. 25

A judgment lien entered up more than four months before a petition for adjudication in bankruptcy, is valid under the provisions of the Bankrupt Act, unless it be void for some other reason.        p. 26

The discharge of a bankrupt is *personal,* and has no effect upon any liens subsisting at the time.        p. 26

In general, a plaintiff who has recovered a judgment is not required to look to any one piece of property rather than to

another, for the purpose of enforcing and satisfying it; the only limitation of his right is, that he may have but one satisfaction.

p. 27

Where a husband and wife own leasehold property, as tenants by the entireties, upon the wife's death, her interest in the property devolves upon her husband, subject to all outstanding liens.

p. 28

In such a case, the husband's right and title are acquired independent of the medium of administration. p. 28

*Decided November 10th, 1915.*

Appeal from Circuit Court No. 2 of Baltimore City. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Frank G. Turner* (with whom was *Jno. M. Dandy, Jr.,* on the brief), for the appellant.

*B. H. Hartogensis,* for the appellees.*

STOCKBRIDGE, J., delivered the opinion of the Court.

For the decision of this appeal it is scarcely necessary to do more than to understand clearly the facts out of which it arises in their proper relation to one another. On the 3rd of April, 1913, a judgment was entered by confession in the Baltimore City Court in favor of the appellees against George E. Frey and Jennie E. Frey, for the sum of $270. Being a judgment against joint defendants, it was an entirety. *Ewing* v. *Rider,* 125 Md. 149.

*For a synopsis of Mr. Hartogensis' brief in this case, see *addenda, post.*

At the time of the entry of this judgment George E. and Jennie E. Frey, his wife, owned as tenants by entireties, but subject to mortgage, a leasehold lot of ground on Linden avenue in the City of Baltimore. By the provisions of the Code of Public General Laws, Article 26, section 19, the entry of a judgment makes it a lien upon leasehold estates as well as real property, except as to certain enumerated estates, of which a tenancy by the entireties is not one. . An actual levy on real and leasehold property is not requisite to perfect the lien. The judgment being an entirety, and the estate of the Freys in the Linden avenue property being one by the entireties, the lien of the judgment attached to the property. What does and what does not constitute a lien depends upon the statutes of each State. *In re Koslowski,* 153 Fed. 823.

The case as presented is entirely different from what it would have been if the judgment had been against either Mr. or Mrs. Frey alone. This arises from the peculiar nature of an estate by entireties. It has been repeatedly held in this State that where a judgment is recovered against one of two tenants by the entireties no lien can attach to the interest of the one, *Jordan* v. *Reynolds,* 105 Md. 288, and cases there cited, but it has never been held in this State or elsewhere that, in the absence of statutory exemption, where there is an entire judgment against joint defendants, no lien is imposed upon estates or interests in land held by the entireties.

On the 9th of February, 1914, George E. Frey filed his voluntary petition to be adjudicated a bankrupt, and two days later the present appellees, the judgment creditors of Mr. and Mrs. Frey appeared by petition in the bankruptcy proceedings and asked to be allowed to proceed upon their judgment. On February 21st, George E. Frey answered their petition, and in opposition to granting the prayer of the petition, set up the fact that he and his wife had filed a motion in the City Court to have the judgment stricken out. The motion to strike out the judgment was in fact filed on the same day as the answer to the petition. Upon hearing, the

motion was denied on the 13th of March following, and thereafter, on May 5th, the order of the District Court of the United States granting the appellees leave to proceed on their judgment was made absolute. A *fieri facias* was issued upon the judgment, on which a return of *nulla bona* was made. Nothing further transpired until November 7th, 1914, when George E. Frey was discharged in bankruptcy.

No attempt appears to have been made by the bankrupt trustee to make claim to any interest in the Linden avenue property. He probably regarded it as valueless for the creditors, under the doctrine announced in *In re Beihl,* 197 Fed. 870, cited and adopted in *Remington on Bankruptcy,* section 970, page 760, as follows: "In some jurisdictions the common law rule that property held by husband and wife jointly is held in entirety, without possibility of severance, still prevails. Each has only an expectancy, for upon the death of one the other takes the estate; and although the husband's trustee in bankruptcy is undoubtedly clothed with the husband's interest, whatever that may be, his right to it must await the contingency of the husband surviving the wife."

About two months after the discharge, namely, on January 26th, 1915, Jennie E. Frey died, and by operation of law the entire estate in the Linden avenue property was then vested in George E. Frey, but it necessarily was subject to any valid outstanding liens against the property, whether such lien was in the form of a mortgage, or a judgment which by statute was made a lien upon real and leasehold estates. The judgment lien of the appellees was not void under the Bankrupt Act, section 67, having been entered more than four months prior to the petition for adjudication of bankruptcy, nor was it void for any reason in its obtention. This was established by the Baltimore City Court when it overruled the motion to strike out the judgment. The discharge of the bankrupt was only personal to the debtor. It was entirely without effect as to any liens subsisting at the time.

*Collier on Bankruptcy,* p. 362; *Remington on Bankruptcy,* section 2668; *Blick* v. *Nimmo,* 121 Md. 142.

The writ of *fi. fa.* issued in May, 1914, having been returned *nulla bona,* the appellees in April of this year, 1915, again directed the writ to issue, and under that a levy was made upon the Linden avenue property. The bill in this case was then filed by George E. Frey to restrain proceedings under the writ. A demurrer to the bill was interposed and sustained, and the bill was dismissed "without prejudice to the right of the complainants to proceed in the case pending against him in the Baltimore City Court, being the execution by way of *fieri facias* on a judgment in said Court in the matter of George McGaw *et al.* v. *George Frey and Jennie Frey.*"

It was earnestly argued in support of the demurrer that there was a complete, adequate remedy at law, and for that reason alone the demurrer should be sustained. This Court is not called on to rule specifically on this point in the present case, and without so deciding it may well be that conditions might arise in which it would be appropriate for the equity court to take jurisdiction, even though there was a remedy at law of which a plaintiff might avail himself.

Among other grounds it is urged in behalf of the appellant that Jennie E. Frey left other property than that on Linden avenue against which the defendants in this suit might have proceeded, and that though administration has been granted upon her estate there has been no attempt to bring her representatives into these proceedings. The answers to both of these contentions are obvious.

A plaintiff who has recovered a judgment is not required to look to any one piece of property rather than another for the purpose of enforcing it. He may proceed against such property of his debtor as he thinks most likely to produce sufficient to satisfy his claim, in the easiest and least expensive manner. The only limitation to which he is subject is that he is entitled to have but one satisfaction of his claim.

To the second objection the answer is, that the Linden avenue property formed no part of the estate of Jennie E. Frey. Upon her death the interest to which she had been entitled devolved, by operation of law, upon her husband, subject to all valid outstanding liens. He acquired no right in it through the medium of administration upon her estate. So far as this property was concerned, therefore, her representatives were neither necessary or proper parties to the proceeding.

From the foregoing considerations it follows that the Circuit Court No: 2 of Baltimore City was correct in sustaining the demurrer and dismissing the bill. This Court can not agree with that portion of the decree, which makes the dismissal of the bill "without prejudice to the right of the complainants to proceed in the Baltimore City Court." As already shown, the judgment was an entire one, *Ewing* v. *Rider, supra;* a motion to set it aside had been made on behalf of both defendants, and denied. Nothing appears to have been done in the City Court subsequent to the issue of the writ of *fi. fa.* in April of this year, and nothing could have been done by a judgment debtor who died before the issuance of the writ. Nor is any valid reason given in the bill to justify a quashing of that writ. There was, however, no appeal taken by the appellees, and therefore, the question of the propriety of so much of the decree as dismissed the bill "without prejudice to the right of the complainants to proceed in the Baltimore City Court," is not before us for any action.

*Decree affirmed, the appellant to pay the costs.*