# HARRY ADES, Trading as Ades Brothers,

## *vs.*

# HARRY M. CAPLIN and ANNIE R. CAPLIN, His Wife.

*Tenants by the entireties : rights of husband.   Judgment against husband and wife jointly : effect of National Bankrupt Act.*

Tenants by the entireties are, in contemplation of the common law, but one person, and hence they take not moieties but the entireties; they each are seized of the entirety, and the survivor takes the whole.                                        p. 69

The nature of this estate forbids and prevents the sale or disposal of it or any part of it by the husband or wife, without the assent of both; the whole must remain to the survivor.

p. 69

The husband can not convey, encumber or at all prejudice such estate to any greater extent than if it rested in the wife exclusively in her own right.                                        p. 69

Where a judgment is recovered against the husband and wife jointly it becomes a lien upon interests of them both in property held by them as tenants by the entireties, subject to be defeated as an entirety by the provision of the Federal statutes, upon the filing, within the four months' period, of the petition in bankruptcy against either the husband or wife, followed by an adjudication by him or her as bankrupt.        p. 70

Upon the filing of such a petition within four months from the date of the judgment, the lien of the judgment, so far at least as the right of the husband in the estate is concerned, is stricken down by the Federal statute, with the effect that it is practically the same as though the judgment had been recovered against the wife alone.                                        p. 71

*Decided January 16th, 1918.*

Appeal from Circuit Court No. 2 of Baltimore City. (DUFFY, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Benjamin B. Baker,* for the appellant.

*Francis E. Pegram* and *Eugene Frederick,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

On the 23rd day of August, 1915, the appellant recovered a judgment in the Baltimore City Court, against the appellees, Harry M. Caplin and Annie E. Caplin, his wife, for the sum of $151.88.

At the time of the recovery of said judgment the appellees were the owners, as tenants by the entirety, of leasehold property, situated on Aisquith street, in the City of Baltimore.

On the 16th day of September, 1915, within four months from the entry of said judgment, an involuntary petition in bankruptcy was filed in the District Court of the United States, for the District of Maryland, against the appellee, Harry M. Caplin, by certain of his creditors, and on the same day he was adjudicated a bankrupt.

He thereafter submitted an offer of composition to his creditors which was agreed to by a majority of them, both in number and amount. The composition was thereafter, finally ratified and confirmed, and the bankrupt discharged.

The appellant filed his said claim in the bankrupt proceedings and received thereon as a general creditor of said bankrupt a dividend amounting to $41.37.

On the 26th day of April, 1917, after the discharge of the bankrupt, the appellant had a writ of *fieri facias,* on said

judgment, issued out of the Baltimore City Court, and caused the same to be levied on said property, and was proceeding to execute the writ when the appellees filed their bill, in Circuit Court No. 2 of Baltimore City, asking that the appellant and Thomas F. McNulty, sheriff, to whom the writ had been issued, be restrained and enjoined from making sale of the property under said writ.

To this bill the appellant demurred, and the demurrer being overruled and the appellant failing to answer within the time allowed him, a decree was passed restraining and enjoining the appellant and the sheriff from selling said property. It is from that decree that this appeal is taken.

It is the contention of the appellant that the Act of Congress of 1898 and the amendments thereto, relating to bankruptcy, in no way affected the lien of his judgment against said leasehold property held by the appellees as tenants by the entireties, because of the peculiar characteristics of such an estate; although said judgment was entered within four months prior to the filing of the petition in bankruptcy against Harry M. Caplin, the husband, upon which he was subsequently adjudicated a bankrupt and thereafter discharged; and notwithstanding, too, that in such bankrupt proceedings a distribution was made of the bankrupt's estate in which the appellant participated, receiving as a general creditor a dividend upon his claim.

The Bankruptcy Act of 1898,* section 67-f provides, that "all levies, judgments, attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudicated a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the bankrupt estate."

*U. S. Statutes at Large, Chapter 541, Vol. 30, page 565.

Under the above statute, the lien of the judgment recovered against the appellees within four months prior to the filing of the petition in bankruptcy against one of them, became null and void, at least so far as the bankrupt was concerned, and it must be so held, unless there is something in the characteristics of an estate by the entirety that would require a different meaning to be given to the Act.

Tenants by the entireties are, in the contemplation of the common law, which is the law of this State, but one person, and hence they take, not by moieties, but the entirety. They are each seized of the entirety, and the survivor takes the whole. *Marburg* v. *Cole*, 49 Md. 411.

The nature of this estate forbids and prevents the sale or disposal of it, or any part of it, by the husband or wife without the assent of both; the whole must remain to the survivor. The husband cannot convey, encumber, or at all prejudice, such estate, to any greater extent than if it rested in the wife exclusively in her own right. He has no such estate, as he can dispose of to the prejudice of the wife's estate. The unity of the husband and wife as one person, and the ownership of the estate by that person, prevents the disposition of it otherwise than jointly. *Bruce* v. *Nicholson*, 109 N. C.. 202; *Ray* v. *Long*, 132 N. C. 891; *Jordan* v. *Reynolds*, 105 Md. 288, and note thereto in 9 L. R. A. (N. S.), 1029.

The question before this Court in *Jordan* v. *Reynolds*, *supra*, was whether husband and wife holding property as tenants by the entireties could give to a purchaser of the property a good and merchantable title, free and clear of an outstanding judgment against the husband.

The decision of that question involved the determination of the further question whether the husband's interest in case of tenancy by the entirety can be subjected to the claim of his creditors during the life of the wife.

In that case this Court, after quoting from decisions of this and other states, bearing upon the question presented,

said through JUDGE BRISCOE that "it seems clear both upon reason and authority that the judgment in this case is not a lien upon the property, in the lifetime of the wife. There is nothing that can be seized and sold under an execution upon the judgment;" and the Court held that the sale and conveyance by the husband and wife passed to the purchaser a merchantable title free and clear of the outstanding judgment of the husband.

The judgment when entered against the husband and wife in this case became a general lien upon the interests of both in the leasehold property held by them as tenants by the entirety, subject however to be defeated, as an entirety, by the provisions of the Federal Statute, upon the filing of a petition in bankruptcy against either the husband or wife, followed by the adjudication of him or her as a bankrupt.

The judgment when entered, being against both the husband and wife, was an entirety and it would have so remained had not the petition in bankruptcy been filed within the time stated, or its validity successfully assailed because in some way wrongfully obtained. Had it so remained, an execution could have issued thereon and the property held by them as tenants by the entirety sold under the writ, *Frey* v. *McGaw,* 127 Md. 23. But upon the filing of the aforesaid petition within the period mentioned above, the lien of the judgment, so far at least as the right of the husband in the estate by entirety were concerned, was struck down by the provisions of the Federal Act, the effect of which was practically the same as if the judgment had been recovered against the wife alone, in which case the said leasehold property could not have been sold during the life time of the husband if at all, under an execution issued on such judgment.

In *Frey* v. *McGaw, supra,* the lien of the judgment against the husband and wife was not stricken down by the bankrupt statute, as the petition against the husband for his adjudication as a bankrupt was not filed within the four

months after entry of the judgment; and we there said, speaking through JUDGE STOCKBRIDGE, that "the judgment lien of the appellees was not void under the Bankrupt Act, sec. 67, having been entered more than four months prior to the petition for the adjudication of bankruptcy, nor was it void for any reason in its obtention"; and in referring to the fact that the trustee in that case had made no claim to the property, we said, he probably regarded it as valueless for the creditors, under the doctrine announced in *In re Beihl*, 197 Federal, 870, cited and adopted in *Remington on Bankruptcy*, sec. 970, p. 760, as follows: "In some jurisdictions the common law rule that property held by husband and wife jointly is held in entirety, without possibility of severance, still prevails. Each has only an expectancy, for upon the death of one the other takes the estate; and although the husband's trustee in bankruptcy is undoubtedly clothed with the husband's interest, whatever that may be, his right to it must await the contingency of the husband surviving the wife.

We find nothing in the peculiar characteristics of an estate by entirety to sustain the contention of the appellant. It is clear, we think, that the leasehold property, now held as an estate by entirety, can not be sold at any time before the death of the husband, if then, under an execution issued on said judgment as it now stands, and therefore we find no error in the Court below in overruling the demurrer to the bill and in granting the injunction prayed therein. The decree will therefore be affirmed.

*Decree affirmed, with cost to the appellee.*