**In re KEARNS et al. ***

**CULLOM et al. v. KEARNS.**

(Circuit Court of Appeals, Fourth Circuit. October 20, 1925.)

No. 2337.

**1. Bankruptcy ⟨⟩152—Title of trustee takes effect only as of date of adjudication.**

Under Bankruptcy Act, § 70a (5), being Comp. St. § 9654, title of trustee in bankruptcy takes effect only as of date of adjudication in bankruptcy.

**2. Courts ⟨⟩365—What constitutes estate of bankrupt determined largely by state law.**

What constitutes estate of bankrupt, and how it may be reached, if at all, by creditors, is determined by state law.

**3. Bankruptcy ⟨⟩139(½)—Land held by bankrupt and his wife by entireties not part of bankrupt's estate.**

Under Bankruptcy Act, § 70a (5), being Comp. St. § 9654, and law of North Carolina, land held by bankrupt and his wife by the entireties is not part of bankrupt's estate, and petition to sell bankrupt's interest therein is properly denied.

Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Western District of North Carolina, at Greensboro, in Bankruptcy; Edwin Y. Webb, Judge.

In the matter of the bankruptcy of E. B. Kearns and A. G. Jarrett, individually and as copartners trading as the Greensboro Republic Truck Company. Petition by Edward F. Cullom and others, as trustees in bankruptcy, for the sale of the interest of E. B. Kearns in certain property, contested by him. From a decision dismissing the petition, the trustees petition to superintend and revise in matter of law. Judgment of District Court affirmed.

H. G. Hudson and J. E. Alexander, both of Winston-Salem, N. C. (L. M. Butler and Ratcliff & Hudson, both of Winston-Salem, N. C., on the brief), for petitioners.

Louis M. Swink, of Winston-Salem, N. C. (Swink, Clement & Hutchins, of Winston-Salem, N. C., on the brief), for respondent.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. This is a petition to superintend and revise in matter of law the decision of the United States District Court for the Western District of North Carolina, at Greensboro, in the bankruptcy proceedings of E. B. Kearns and A. G. Jarrett, individually and as copartners trading as the Greensboro Republic Truck Company, bankrupts. The specific question involved is

whether the estate of the bankrupt, E. B. Kearns, in two certain parcels of land in Forsyth county, N. C., can be subjected to the payment of his debts as a member of the copartnership, it being claimed by said Kearns that the property belongs to him as tenant by entireties with his wife, who is still living.

Petitioners herein, trustees in bankruptcy of the bankrupt, and two certain banks named, filed their petitions asking the sale of the interest of the bankrupt Kearns in the property in question, averring and claiming that said Kearns' interest therein upon his adjudication, passed to his trustee in bankruptcy, and constituted an asset to be administered in bankruptcy. This position the bankrupt contested, and insisted that under the law of the state of North Carolina his interest in said property did not so vest and pass to his trustee in bankruptcy, or constitute a part of his assets, and under the laws of that state an estate held by entireties was not liable to, and could not be reached by, creditors, and subjected to the payment of the debts of either tenant during the lifetime of the other.

This question was duly presented to the referee in bankruptcy and to the judge of the District Court, both of whom, concurring as to the facts adduced and the law properly applicable thereto, held that the estate of the bankrupt in said lands did not constitute an asset in bankruptcy, and directed that the petition be dismissed. It is from this decision of the District Court that this review is asked, and it is only as to the legal question presented that we have to pass.

[1, 2] It may be conceded in this case that the title of the trustee in bankruptcy, whatever it may be, takes effect only as of the date of the adjudication in bankruptcy (section 70a, subsec. 5, Bankruptcy Act [Comp. St. § 9654]), and that the ascertainment of just what the estate is, and how the same may be reached by creditors, if at all, is to be determined largely by the state law on the subject. Hence, if an estate by entireties under North Carolina law cannot be subjected to the payment of debts of either tenant during the period of their joint lives, this court would, in administering the bankruptcy law, follow and adopt the construction and interpretation placed by the state upon its own Constitution and laws, as the rule of property within the state.

Just what constitutes and is meant by an estate by entireties has been so frequently the subject of adjudication by the highest court of the state within the jurisdiction

here that there would seem no longer to be room for controversy. The recent case of Turlington v. Lucas, 186 N. C. 283, 285, 119 S. E. 366, 367, held: "It is well settled in this state that, when land is conveyed or devised to husband and wife, nothing else appearing, they hold by entirety, and, on the death of either, the survivor gets the entire estate in the land."

In that case the court referred to the then recent case of Moore v. Trust Co., 178 N. C. 123, 100 S. E. 269, as follows: "The characteristics of the anomalous estate, which is denominated as one by the entirety, are well understood. Blackstone (Lewis' Edition, book 2, p. 182) defines this estate by these words: 'If an estate in fee be given to a man and his wife, they are neither properly joint-tenants nor tenants in common; for husband and wife being considered one person in law, they cannot take the estate by moieties, but both are seized of the entirety per tout et non per 'my, the 'consequence of which is that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain in the survivor.' "

Describing the estate on the same page, 285 (119 S. E. 367), the court further said: "When land is conveyed or devised to husband and wife, nothing else appearing, they take by the entirety, and upon the death of either, the other takes the whole by right of survivorship"—and concluded by citing an array of North Carolina authorities to the same effect. On page 286 of the same case (119 S. E. 368) the court, speaking as bearing especially upon the rights of trustees in bankruptcy in estates by entireties, said: "This peculiar estate has come down to us from the common law, and we deduce from the authorities in this state. * * * That neither can such land be sold under execution or order of court, nor can the interest of either husband or wife be thus sold. * * * That the interest of neither becomes subject to the lien, or any proceeding to sell for the satisfaction of any judgment during their joint lives; nor can the interest of either be reached by the trustee in bankruptcy during their joint lives." ,

The still more recent decision of Johnson v. Leavitt, 188 N. C. 682, 125 S. E. 490, further emphasizes the fact that lands held by tenants by entirety cannot be sold to satisfy judgments rendered alone against either tenant upon their separate obligations; for, as stated, the right of survivorship in such property is merely an incident of the estate, and does not constitute either a vested or contingent remainder, and, as between husband and wife holding lands as tenants by entireties, there is but one owner, both together, in their peculiar relations to each other, constituting the proprietorship of the whole and every part thereof. In this case the court held that the interest of husband and wife was not a leasehold estate, but one that existed entirely by virtue of the marriage relation.

[3] Federal authorities, including decisions of the District Courts, the decisions of this court, and those of the Supreme Court, seem to us to make it no less clear than those of the state of North Carolina, that this peculiar estate by entireties cannot be subjected to the payment of the individual debts of either tenant during their joint lives, inasmuch as the title of the bankrupt's trustee vests only in property to which he is entitled at the date of the adjudication in bankruptcy, and does not become and form a part of the assets of the bankrupt's estate.

Collier, discussing this estate, says: "An estate by the entirety being without possibility of severance, may not be transferred by the husband without the consent of the wife and may not be levied upon by his creditors, and does not therefore pass to his trustee in bankruptcy." Collier on Bankruptcy (13th Ed.) p. 1672; Id. (10th Ed.) p. 1007.

In Healey Ice Machine Co. v. Green (C. C.) 181 F. 890, 894, Judge Connor, sitting in the Eastern District of North Carolina, said: "The complainant is met, at the threshold, with the fact that the land upon which it seeks to fix a lien is owned by the defendant R. L. Green and his wife, Louisa A. Green; and this, as uniformly held by the Supreme Court of this state, which is the 'rule of property' controlling this court, gives them an estate by the entireties, which cannot be aliened, burdened, or in any manner affected, except by their joint action. In Hood v. Mercer, 150 N. C. 699, 64 S. E. 897, it is held, in accordance with an unbroken line of decisions, that a judgment against the husband does not constitute a lien upon land owned by his wife and himself. 'They may convey a good and indefeasible title subsequent to, and notwithstanding, the docketing of the judgment. Authorities from other states are cited to the effect that the interest of the husband may be burdened with the lien. Boisot on Mechanic's Liens, § 28. The law in this state is otherwise."

This decision, on appeal to this court, was affirmed in a per curiam opinion, as fol-

lows: "Per Curiam. This case is governed by the provisions of the statutes of North Carolina, relating to the questions involved. The court below (181 F. 890; 184 F. 515) properly applied the facts disclosed by the record to said statutes as they have been construed by the Supreme Court of that state. That court did not err in dismissing the bill, as under the statutes mentioned no lien could have attached to the land proceeded against by reason of the mechanic's lien originally relied on, and therefore the suit should have been dismissed. There is no error. Affirmed." Healey Ice Mach. Co. v. Greene et al. (C. C. A. 4 Cir.) 191 F. 1004, 111 C. C. A. 668.

In a later decision (September, 1922) Judge Connor said: "It is settled by numerous and uniform decisions of the Supreme Court of North Carolina that the title to real estate conveyed to husband and wife vests in them as tenants by entireties, and neither as joint tenants nor tenants in common. Douglas, J., in Ray v. Long, 132 N. C. 891, 44 S. E. 652, discusses the character and incidents attaching to the estate, saying that a conveyance to them creates 'an estate in entireties, in which the parties will hold, in the ancient language of the law, per tout et non per my. This estate is fully recognized by our law, and has not been impaired by section 6 of article 10 of the Constitution.'" Taylor v. Carraway (D. C.) 282 F. 878, 879, 880.

Other federal District Court decisions, among them the following: Hesseltine v. Prince, 95 F. 802; In re Hoadley, 101 F. 233; In re Beihl, 197 F. 870; Cox v. Wallace, 219 F. 126, 134 C. C. A. 562; In re Berry, 247 F. 700; Ford-Rennie Leather Co., 2 F.(2d) 750—will be found to sustain the views herein stated, and the Supreme Court of the United States in a long line of decisions also sustains the same.

Mr. Chief Justice White, in the case of Holden v. Stratton, 198 U. S. 202, 214, 25 S. Ct. 656, 659, 49 L. Ed. 1018, quoted Circuit Judge Caldwell, in delivering the opinion in Steele v. Buel, 104 F. 972, 44 C. C. A. 287, as follows: "From the organization of the federal courts under the Judiciary Act of 1789, the law has been that creditors suing in these courts could not subject to execution property of their debtor exempt to him by the law of the state. Judiciary Act of 1789, 1 Stat. 93, c. 21; Wayman v. Southard, 10 Wheat. 1, 32, 6 L. Ed. 253; Lamaster v. Keeler, 123 U. S. 376, 8 S. Ct. 197, 31 L. Ed. 238; Dartmouth Sav. Bank v. Bates (C. C.) 44 F. 546. * * * The same rule

has obtained under the bankrupt acts, which have sometimes increased the exemptions, notably so under the act of 1867 (section 5045, Rev. Stat.) but have never lessened or diminished them. An intention on the part of Congress to violate or abolish this wise and uniform rule observed from the creation of our federal system should be made to appear by clear and unmistakable language. It will not be presumed from a doubtful or ambiguous provision fairly susceptible of any other construction." Eaton v. Boston Trust Co., 240 U. S. 427, 429, 36 S. Ct. 391, 60 L. Ed. 723, Ann. Cas. 1918D, 90; Hull v. Farmers' Loan & Trust Co., 245 U. S. 312, 38 S. Ct. 103, 62 L. Ed. 312.

The decision sought to be reviewed, in our judgment, is right, and the judgment of the District Court is affirmed, at the cost of petitioners.

Affirmed.

The late Judge WOODS concurred in the affirmance of the judgment below, but died before he passed upon the above opinion.