## DIOGUARDI v. CURRAN.

### In re DIOGUARDI.

Circuit Court of Appeals, Fourth Circuit.
October 15, 1929.

No. 2832.

Lawrence S. Kaufman and Robert Barron, both of Baltimore, Md.; for appellant.

Samuel H. Hoffberger, of Baltimore, Md. (Leon I. Kappelman, of Baltimore, Md., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

PARKER, Circuit Judge. This is an appeal from an order in a controversy arising in bankruptcy, wherein the trustee was held to be entitled to certain leasehold property in the city of Baltimore. There is no dispute as to the facts. The petition in bankruptcy was filed December 29, 1927, and the order of adjudication was entered on the same day. At that time the property in question was owned by the bankrupt and his wife as tenants by the entireties. Two days later the wife died, and the bankrupt thereupon became vested with the sole and exclusive ownership of the property. His discharge was not granted until March 10th following. The only question in the case is whether, under the law of Maryland, a bankrupt, or his creditors, have such rights in an estate by entireties held by the bankrupt and his wife at the time of the filing of the petition that, upon the death of the wife before the bankrupt's discharge, the property vests in the trustee in bankruptcy.

[1] We can dispose, at the outset, of the seeming complication resulting from the death of the wife. That this occurred prior to the bankrupt's discharge is, we think, entirely immaterial. The rights of the trustee in the property of the bankrupt relate, not to the date of the latter's discharge, but to the date of the filing of the petition in bankruptcy. Bankruptcy Act, 70a, 11 USCA § 110(a); Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; Firestone Tire & Rubber Co. v. Cross (C. C. A. 4th) 17 F.(2d) 417, 423. And there is nothing in the Act of June 25, 1910 (11 US

CA § 75(a) (2), which in any wise helps the position of the trustee. That act merely vests the trustee, as of the date of the filing of the petition, with the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings as to property of the bankrupt in the custody of the court, and of a judgment creditor holding an execution returned unsatisfied as to property not in the custody of the court. As the estate by entireties was not in the custody of the court, and as a judgment creditor holding an execution duly returned unsatisfied would have had no rights against it, unless the bankrupt had an interest therein reachable by his creditors, the question comes back to the interest of the bankrupt in the estate by entireties at the time of the filing of the petition. Did the bankrupt have, at that time, any interest in the estate which, in the language of section 70a of the Bankruptcy Act, 11 USCA § 110(a), "he could by any means have transferred or which might have been levied upon and sold under judicial process against him." If he did, that interest passed to his trustee. If he did not, the fact that the bankrupt subsequently became vested with such an estate upon the death of his wife is immaterial, so far as the rights of the trustee are concerned. Hull v. Farmers' Loan & Trust Co., 245 U. S. 312, 38 S. Ct. 103, 62 L. Ed. 312; Everett v. Judson, supra; In re Benson, Fed. Cas. No. 1,328; In re Hogan (C. C. A. 7th) 194 F. 846.

We agree with counsel for the trustee that, whether the bankrupt at the time of the filing of the petition had such interest in the estate by entireties as he could have transferred, or as could have been levied upon or sold under judicial process against him, is to be determined by the law of Maryland. Cullom v. Kearns (C. C. A. 4th) 8 F.(2d) 437, 47 A. L. R. 432; Healey Ice Machine Co. v. Green (C. C.) 181 F. 890. But, after a careful examination of the decisions of that state, we are satisfied that he did not have such interest. The estate by entireties in Maryland has all of its common law incidents. It is based upon the fiction of the unity of husband and wife, who take the estate, not as joint tenants, or as tenants in common, but by the entirety, per tout, et non per my. Marburg v. Cole, 49 Md. 402, 33 Am. Rep. 266; Ades v. Caplin, 132 Md. 66, 103 A. 94, L. R. A. 1918D, 276; U. S. v. Tyler (C. C. A. 4th) 33 F.(2d) 724, decided July 1, 1929. Neither spouse can dispose of any part of the estate without the consent of the other. Marburg v. Cole, supra; McCubbin v. Stanford, 85 Md. 390, 37 A. 214, 60 Am. St. Rep. 329;

Ades v. Caplin, 132 Md. 66, 103 A. 94, L. R. A. 1918D, 276. And neither has such interest in the property as can be subjected to the lien of a judgment for his debts or seized and sold under an execution on the judgment. Jordan v. Reynolds, 105 Md. 288, 66 A. 37, 9 L. R. A. (N. S.) 1026, 121 Am. St. Rep. 578, 12 Ann. Cas. 51; Frey v. McGaw, 127 Md. 25, 95 A. 960, L. R. A. 1916D, 113; Ades v. Caplin, supra.

Such being the characteristics of the estate by entireties in Maryland, we think that it is settled by the decision of this court that the trustee in bankruptcy of the husband acquired no interest therein. Cullom v. Kearns, supra. That decision, it is true, dealt with an estate by entireties under the law of North Carolina; but it is clear, as above stated, that an estate by entireties in Maryland cannot be in any manner conveyed by one spouse without the consent of the other, is not subject to the lien of a judgment for his debts, and cannot be levied upon or sold under judicial process against him; and it was for these reasons that it was held in the case cited that no interest in the estate by entireties under the law of North Carolina passed to the trustee in bankruptcy of the husband.

The trustee here relies upon certain expressions contained in the opinions in Frey v. McGaw and Ades v. Caplin, supra. But in so far as those cases deal with the law of Maryland they do not remotely support the trustee's contention. In Frey v. McGaw, a judgment had been obtained against husband and wife more than four months before the filing of a petition in bankruptcy by the husband. It was held that, although a judgment against one spouse would not constitute a lien upon the property held by entireties, a judgment against both would constitute such lien, that same was not discharged by the filing of the petition in bankruptcy or the discharge of the husband, and that such judgment could be enforced against the property in the hands of the husband after the death of the wife, as he took the property upon her death subject to outstanding liens. In Ades v. Caplin, judgment was obtained against husband and wife within four months of the filing of a petition in bankruptcy against the husband. After his discharge, sale under the judgment of property which he held with his wife as tenants by entireties was enjoined, on the ground that his liability under the judgment had been discharged by bankruptcy, that only the liability of the wife remained, and that property held by entireties could not be sold under execution in satisfaction of a liability

of one of the spouses. There is no holding in either of these cases·that a judgment creditor of one of the spouses acquires any lien upon or interest in the property held by entireties, that such property can be levied upon or sold under execution against one of them, or that either of them can in any manner transfer any interest therein.

In the opinions in these cases, reference is made to paragraph 970 of Remington on Bankruptcy, in which it is stated with reference to estates by entireties that, "although the husband's trustee in bankruptcy is undoubtedly clothed with the husband's interest, whatever that may be, his right to it must await the contingency of the husband surviving the wife." But this statement was not applied as the law in either case, and neither of them can be held to be authority for such a proposition. Furthermore, although we look to the decisions of the state to determine the characteristics of legal estates, and whether property held under them is liable for the debts of the bankrupt, these things being settled, as they are here, we look to the Bankruptcy Act (11 USCA), and the decisions of the federal courts interpreting same, to determine the rights of the trustee. In the light of the decision of this court in Cullom v. Kearns, supra, there can be no question that the trustee in bankruptcy takes no interest in an estate by entireties, where, as in Maryland, no interest therein could have been transferred by the bankrupt, or could have been levied upon or sold under judicial process in satisfaction of his debts.

It is argued that the trustee is vested with the lien of a judgment creditor upon the interest of the bankrupt in the estate by entireties, that the enforcement of this lien is suspended during the lifetime of the wife, but that, upon her death, it becomes enforceable. But the complete answer to this is that the Court of Appeals of Maryland has held that no lien upon any interest in the estate by entireties is created by obtaining a judgment against the husband, that, notwithstanding such judgment, husband and wife can convey the property free of incumbrances, and that, after being so conveyed, it is not subject to execution on the judgment, either during the lifetime of the wife or after her death. Jordan v. Reynolds, supra. It is manifest that if, after judgment against the husband, property can be conveyed free of incumbrances, he has no interest therein subject to the lien of the judgment.

For the reasons stated, we think that the learned District Judge erred in holding that the trustee in bankruptcy was entitled to the property held by the entireties at the time of the filing of the petition, and the decree below will accordingly be reversed.

Reversed.