## LOUIS FOLAND, ET UX. *v.* HOLLEN B. HOFFMAN, TRUSTEE

[No. 111, October Term, 1945.]

*Decided May 15, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Irving B. Grandberg,* with whom was *Sidney M. Jacobs* on the brief, for the appellants.

*Hollen B. Hoffman* for the appellee.

GRASON, J., delivered the opinion of the Court.

Frederick C. Castle was a wholesale dealer in butter, eggs and produce. Louis L. Foland was a retail dealer in those products and was extended credit by Castle. He was indebted to Castle, on open account, in the sum of $3,200. Castle apparently was anxious about this account and evidently wanted the same secured. Foland and his wife, Reba, owned a property, subject to a ground rent, situate in Baltimore City. On May 18, 1934, Louis Foland and his wife signed a note, under seal, to the order of Frederick C. Castle, for $3,200. The note was a printed form and, among other provisions, authorized and empowered any attorney of any court of record within the United States or elsewhere to appear and confess judgement. At the foot of the note, in large script, is written: "This note interest payable weekly—and twenty dollars a month—on princip*le*." On May 12, 1936, Castle executed a deed of trust for the benefit of his creditors, to appellee, as trustee. Nothing has been paid on account of the above note, on principal or interest.

On September 16, 1944, appellee, under provision of Rule 1, Subd. II, Part 3, Rules of Practice and Procedure, Judgments by Confession, of the General Rules of Practice and Procedure adopted by this Court, cause a judgment on this note to be entered in the Baltimore City Court against the appellants, for $4,860. April 8, 1938,

Foland was adjudicated a bankrupt, and on October 11, 1944, he received a discharge in bankruptcy in the United States District Court of Maryland. On October 16, 1944, Foland filed in this case a plea of discharge in bankruptcy. His wife, Reba Foland, filed a general issue plea, and a special plea setting up want of consideration moving to her when she signed the note in question. There are pleadings and rulings thereon by the lower court, which we need not dwell on, except to say that under Discovery Rule No. 6 Reba Foland admitted that her sole defense to the action was want of consideration. After full hearing, when the cause was submitted to the court it passed an order that sufficient cause had not been shown to vacate, open or modify the judgment theretofore entered, and on the 19th day of December, 1945, "ordered and adjudged * * * that the said judgment and lien thereunder against the defendant herein is, in its application limited to property held by the defendants as tenants by the entireties prior to the discharge in bankruptcy on October 11, 1944, and to property held by the defendant, Reba Foland. The judgment shall not apply to individual property of the defendant, Louis Foland, also known as Louis L. Foland." From this order an appeal was taken to this Court.

The first point made by appellants is, the note is non-negotiable and is not covered by the provisions of the Negotiable Instrument Act. Code, 1939, Art. 13, Sec. 13 *et seq.* However this may be, it seems to us that it is of no consequence, because the note never was negotiated. It came into the hands of appellee by the deed from Castle, and it was a part of the assets that appellee was to reduce to cash and distribute to the creditors of Castle. The appellee stands in the place and stead of Castle, and the legal situation of the parties to this case with regards to the note is the same as if Castle had entered the judgment thereon against the defendants.

The second point raised is, that there was no consideration moving to Reba Foland when she signed the note in question. Foland was indebted to Castle on open ac-

count. Mrs. Foland received no direct consideration for signing the note, but she loaned her credit for the benefit and accommodation of her husband, who was expected to pay the note. Castle was the holder for value of the note, which extended the time of payment of the pre-existing indebtedness, and Mrs. Foland's signature on the note is supported by a consideration moving to her husband, the accommodated party. A full discussion of the point here raised will be found in *Crothers v. National Bank,* 158 Md. 587, at pages 591, 592, 593, 149 A. 270, 273. In that case Steele overdrew his account with the bank and Crothers gave his note to Steele, which was, transferred to the bank. He received no consideration for the note, as it was given by him for the purpose of accommodating Steele. This Court said: "A signature for accommodation is supported by a consideration moving to the accommodated party." We can see no distinction between the case at bar and the case cited. We hold that Reba Foland was responsible as a maker of the note in question.

Foland contends that his indebtedness evidenced by the note was extinguished by his discharge in bankruptcy and that, therefore, no judgment against him under the note in question could be entered. He also contends that in order to prevent such a result appellee should have obtained from the bankruptcy court a stay of his discharge in bankruptcy, in order to enable appellee to enter up the judgment against Foland under the note, and that his failure to obtain the stay is fatal.

There can be no question that the trustee and bankruptcy took no interest in property held by the bankrupt husband and his wife as tenants by the entireties, for in this State no interest therein could have been transferred by the bankrupt to the trustee, or could have been levied upon or sold under judicial process in satisfaction of his individual debt. *Cullom v. Kearns,* 8 F. 2d 437.

*Dioguardi v. Curran,* 35 F. 2d 431, 432:

"The estate by entireties in Maryland has all of its common law incidents. It is based upon the fiction of

the unity of husband and wife, who take the estate, not as joint tenants, or as tenants in common, but by the entirety, *per tout, et non per my.*"

See *Dioguardi v. Curran, supra,* and Maryland authorities therein cited.

The bankruptcy law relieves the bankrupt of all personal claims existing at the time of his bankruptcy. As to future action based on such claims, the decree of discharge in the bankruptcy court, when pleaded, is *res judicata.* The note sued on in this case was listed in the schedule of debts filed by Foland in the bankruptcy proceeding. It was not filed as a claim, nor was a dividend thereon received by appellee. If it was included amongst the debts of the bankrupt from which he was relieved and released by his discharge in bankruptcy, the effect upon the note sued on would be (during the life of the wife) the same as if he had never executed the note. It would, therefore, be impossible after the discharge of the debt evidenced by the note against the husband, to have procured a joint judgment against the husband and wife on the note in question. If the note was lawfully reduced to judgment before the discharge in bankruptcy of Foland, the judgment so entered would be a lien on real and leasehold property held by Foland and his wife as tenants by the entireties. A discharge in bankruptcy discharges the bankrupt from all claims against him existing at the date of bankruptcy, but does not affect the lien of a judgment on entireties property, lawfully entered.

The judgment in this case was entered on September 16, 1944, and on the same day a *nisi* order was passed requiring the defendants to show cause within 30 days after service of notice why the judgment by confession so entered should be vacated, opened, or modified. This *nisi* order was served on both defendants by the sheriff on September 21, 1944. On October 16, 1944, the defendants appeared. The husband set up his discharge in bankruptcy on the 11th day of October, 1944; his wife set up want of consideration.

There is no doubt that the Baltimore City Court had jurisdiction to enter the judgment and "a judgment by confession possesses all the incidents, is supported by the same presumptions, and is entitled to the same faith and credit, as any other judgment (*Freeman on Judgments,* Par. 1337), and that is so whether the confession is by the defendant in person or by another with his consent." *Keiner v. Commerce Trust Co.,* 154 Md. 366, at page 370, 141 A. 121, at page 122. A judgment so obtained against a husband and wife becomes a lien on property held by them as tenants by the entireties on real and leasehold property. A discharge in bankruptcy does not affect liens theretofore existing against real or personal property, title to which is held by the entireties, unless acquired within four months prior to the filing of the petition in bankruptcy, and while the bankrupt was insolvent. *Ades v. Caplin,* 132 Md. 66, 67, 103 A. 94; *Frey v. McGaw,* 127 Md. 23, 95 A. 960.

In *Wharton v. Citizens' Bank,* 223 Mo. App. 236, 15 S. W. 2d 860 at page 862, it is said:

"The Bankruptcy Act provides that upon the filing of a petition in bankruptcy, actions in other courts shall be stayed until after an adjudication or a dismissal of the petition, and, if the defendant is adjudged a bankrupt, actions against him in other courts may be further stayed until twelve months after the date of the adjudication, or, if within that time defendant applies for a discharge, then until the question of such discharge is determined. Under this statute the filing of the petition peremptorily stays actions against the bankrupt in other courts until an adjudication or dismissal of the petition. But when the defendant or voluntary petitioner has been adjudicated a bankrupt, whether a further stay shall be granted is discretionary. 7 *C. J.* 350. It therefore follows that when the husband made application to be adjudged a voluntary bankrupt, the bank could have instituted a suit in the state court against him and his wife as soon as he was adjudicated a bankrupt and before he had received a discharge."

See also notes—8 *A. L. R.* 1235; 130 *A. L. R.* 1244; 1 *Collier, Bankruptcy,* 14th Ed. Secs. 16.06 and 76.17; Note 89 *Pa. L. R.* 1073.

Foland was adjudicated a bankrupt on April 8, 1938, before the entry of the judgment in question in the Baltimore City Court, namely, September 16, 1944. He was discharged on October 11, 1944, which was after the judgment has been entered, and hence his discharge would not constitute cause to strike out the judgment in question as to him.

Property held by husband and wife as tenants by the entireties does not pass to a trustee in bankruptcy upon the filing of the petition in the bankruptcy court by the husband or wife, as the case may be. Property so held cannot be sold by the trustee and the proceeds thereof applied to the bankrupt's creditors. *Cullom v. Kearns, supra; Dioguardi v. Curran, supra; Phillips v. Krakower,* 46 F. 2d 764, 765.

In *Phillips v. Krakower, supra,* it is said:

"The note held by Mrs. Krakower, therefore, is one upon which she is entitled to judgment which she can enforce against the property held by entireties. The discharge of Phillips in bankruptcy not only will prevent judgment being obtained against him on the note, but will prevent also, during his lifetime, the property held by entireties being subjected to the satisfaction of any judgment which may be obtained against his wife. And so, although the bankruptcy proceeding has brought no interest in the estate by entireties into court for the benefit of the creditors of Phillips, his discharge in bankruptcy will remove that entire property beyond the reach of creditors entitled to subject it to their claims. The question presented is whether, without giving these creditors an opportunity to proceed, the court should grant the discharge knowing that it will result in a legal fraud, *i. e.,* the effectual withdrawing of the property from the reach of those entitled to subject it to their claims, for the beneficial ownership and possession of those who created the claims against it. We cannot conceive that any court

would lend its aid to the accomplishment of a result so shocking to the conscience."

The only purpose for a stay would have been to gain time to reduce the note to a joint judgment against the husband and wife, and this was effected before the discharge, and a stay was not necessary. The lien on the property held as tenants by the entireties by appellants was effected before the discharge in bankruptcy, and was not affected by the subsequent discharge.

Under Rule 1, Judgments by Confession, of this Court, it is provided: (b) That immediately upon the entry of judgment the clerk shall issue a summons for the defendant notifying him of the entry of the judgment and requiring him to appear in the cause wherein it is entered within thirty days after service upon him of the summons to show cause, if any he has, why the judgment should be vacated, opened, or modified.

This rule requiring a defendant to be summoned and show cause within thirty days from service upon him of a *nisi* order why the judgment should be vacated, opened, or modified, did not change the existing practice in such cases. It provided a means to inform the judgment debtor of the judgment, and afforded him an opportunity to move that it be vacated, opened, or modified. He should file a motion under oath, setting out fully all the facts and circumstances tending to show that the judgment should be stricken out, with a prayer that the judgment be reopened and that he be permitted to file pleas and try the case before a jury. Upon proper proof, the court will so order. For a full treatment of the proper practice see *Keiner v. Commerce Trust Co., supra,* 154 Md. at pages 370, 371, 141 A. 121.

In *Automobile Brokerage Corp. v. Myer,* 154 Md. 1 at page 5, 139 A. 539, at page 540, this Court approved an order entered by the lower court, as follows:

"Ordered that the judgment 'be opened for the purpose of the trial of this case, and that said judgment shall meanwhile continue as a valid and subsisting judgment, unaffected by the motion of the defendant that the same

be stricken out, and by the trial of the case, and not vacated unless and until it shall be finally determined by trial that the plaintiff is not entitled to said judgment'."

The procedure followed in this case is disapproved. No pleas should have been filed until the court reopened the judgment and permitted the defendants to file pleas. There should not have been the extensive pleadings contained in this record. See *Craig v. Hebron Building & Loan Asociation*, 171 Md. 522, 524, 189 A. 218. The questions before the lower court involved questions of law only, that is to say: 1. Whether the subsequent discharge in bankruptcy of the husband was a good defense to the note as to him; 2. Whether the signing of the note by the wife is supported by sufficient consideration as to her to support the judgment against her. The learned judge below correctly decided these questions and his order will be affirmed.

*Order affirmed, with costs to appellee.*