## GORDON, ET UX. *v.* STATE NATIONAL BANK OF BETHESDA

[No. 151, September Term, 1967.]

*Decided April 2, 1968.*

*Motion for rehearing filed May 2, 1968; denied May 7, 1968.*

The cause was argued before HORNEY, MARBURY, McWILLIAMS, FINAN and SINGLEY, JJ.

*Karl G. Feissner*, with whom were *William L. Kaplan* and *Alpern & Feissner* on the brief, for appellants.

*James E. Murray*, with whom was *John P. Arness* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

On 31 August 1965, Milton Gordon and Adrienne Gordon, his wife, the defendants below and appellants here, delivered to the plaintiff-appellee, State National Bank of Bethesda (the Bank), an agreement [1] which was intended to guarantee a loan

---

1. "LOAN GUARANTEE

"IN CONSIDERATION of a loan in the amount of $30,000. made or to be made by the State National Bank of Bethesda to Frontiers Capital Corporation, evidenced by the promissory note of said Frontiers Capital Corporation, payable to the order of said STATE NATIONAL BANK OF BETHESDA, at its banking house in Bethesda, Maryland, we the undersigned, do hereby jointly and severally guarantee to said STATE NATIONAL BANK OF BETHESDA, its successors and assigns, the prompt payment, at maturity, of said note or notes and any renewals or extensions thereof, in whole or in part (which renewals or

to be made by the Bank to Frontiers Capital Corporation (Frontiers).

On 29 August 1966, Frontiers, of which Gordon was treasurer, borrowed $19,000 from the Bank on a 90-day confessed judgment note. When the note was not paid, the Bank, on 16 February 1967, entered a judgment by confession in the Circuit Court for Montgomery County against Frontiers and Mr. and Mrs. Gordon for $19,000, plus interest in the amount of

---

extensions it is hereby agreed may be granted without notice to for further authority from us or any of us), together with all interest due thereon to date of payment, and all expenses of and incidental to collection, including attorneys' fees equal to fifteen per cent (15%), hereby expressly waiving presentment, demand, protest and notice of protest, and expressly agreeing that the taking or possession of any other security or form of security shall in no way affect our liability hereunder, and that in case of default in payment, legal proceedings to enforce such payment may be instituted and prosecuted against any one or more or all of us without first having recourse to any other available security or pursuing any other available remedy, and we do hereby authorize any attorney to appear for us in any court of record and to waive the issuance and service of process and to confess judgment against us in favor of the holder of this note for such amount as may be unpaid thereon, plus interest and the aforesaid costs, expenses and fees.

"NOTICE of acceptance is hereby waived, it being understood and agreed that by this guarantee, we, jointly and severally, obligate ourselves for the payment of said note or notes and any renewals or extensions thereof to the same extent and with like force and effect as if we were the makers thereof, and this guarantee shall continue and apply to all indebtedness and liability due said Bank until written notice is received by said Bank from the undersigned not to make any further advances on the faith hereof.

"WE DO FURTHER understand that this note becomes immediately due and payable (less any payments made hereon) in the event of non-payment at maturity of any installments scheduled thereon.

"IN WITNESS WHEREOF we have hereunto set our hands and seals this 31st day of August, 1965.

/s/ Adrienne Gordon
/s/ Milton Gordon"

$336.19, attorneys' fees of $2850, and costs. Acting under Maryland Rule 645 b,[2] Gordon and his wife moved to vacate the judgment which had been entered against them, and from a denial of their motion, this appeal was taken.

In the lower court, under the mistaken impression that the agreement of guaranty had been given the Bank two days *after* the loan was made, the Gordons argued that the guaranty, having been given *after* the execution of the principal contract, was not supported by consideration and relied on *Roberts v. Woven Wire Mattress Company*, 46 Md. 374 (1877).

Judge Shook, who heard the case below, was quick to point out that the guaranty, actually dated 31 August 1965, preceded the note of 29 August 1966 by nearly a year. In the argument of the case before us, the appellants, while not abandoning the contention that the guaranty was not supported by consideration, insist that the guaranty, given to secure "a loan of $30,000 made or to be made" to Frontiers, cannot be availed of by the Bank to secure the repayment of a loan of $19,000, and add, that in any event, Mrs. Gordon cannot be held liable, since there was no consideration for her joinder in the guaranty.

The Bank counters, and we think quite properly, with two contentions: first, that the Gordons' affidavit, filed in support of their motion to vacate the judgment simply states that the guaranty "* * * is without consideration in that neither the defendant, Milton Gordon, nor the defendant, Adrienne Gordon, received or gave consideration for their signature thereon [and] that such document was issued without consideration between the parties" and that this does not amount to the showing of a cause "why the judgment should be vacated, opened or modified" within the contemplation of the Rule. On the contrary, the Bank says, the averment of lack of consideration is a mere conclusion and does not meet the requirement that the facts and circumstances on which the debtor relies be alleged. *Cropper v. Graves*, 216 Md. 229, 139 A. 2d 721 (1958); *Remsburg v. Baker*, 212 Md. 465, 129 A. 2d 687 (1957); *Bolotin v. Selis*, 212 Md. 239, 129 A. 2d 130 (1957); *Foland v. Hoffman*, 186

---

2. Which permits the debtor, within 30 days of the service of the summons to "show cause, if any he has, why the judgment should be vacated, opened or modified."

Md. 423, 47 A. 2d 62 (1946); *Keiner v. Commerce Trust Co.,* 154 Md. 366, 141 A. 121 (1927).

In *Bolotin v. Selis, supra,* where a motion to strike a judgment by confession was based on the grounds that the debtor "is not now and never was indebted to the plaintiff as alleged," that "this defendant never promised to pay the plaintiff as alleged," and that "this defendant signed the promissory notes, * * * solely for the accommodation of the plaintiff, and his son Augustus Selis * * *," 212 Md. at 241, Judge Henderson, who filed the opinion for the Court, after pointing out that our decisions require that a motion to strike must set out fully all the facts and circumstances on which the debtor relies, and that a general denial of liability is not sufficient, said:

> "In the instant case the grounds of the motion amount to no more than the general issue pleas. Even the claim, that the judgment debtor was an accommodation maker, would seem to set up a defense that could be presented under the general issue pleas. Cf. *Citizens Nat. Bank v. Custis,* 153 Md. 235, 243, and *Foland v. Hoffman, supra.* Under the cases heretofore cited, we think the allegations of the motion fall short of a full disclosure of the facts and circumstances tending to show that the judgment should be stricken out, and if any proof was offered at the hearing, the record does not disclose it. In this connection, we think there is perhaps an analogy to the practice in regard to summary judgments, where it has been held that a general denial is not enough. Cf. *Frush v. Brooks,* 204 Md. 315, 320, and cases cited. The opening of a confessed judgment is based on the exercise, by courts of law, of a quasi-equitable jurisdiction, *Keiner v. Commerce Trust Co.,* 154 Md. 366, 371; cf. *Pioneer Oil Heat v. Brown,* 179 Md. 155. The requirement that there be a proper showing of facts, which if proved would constitute a meritorious defense, is a prerequisite in any case where it is sought to vacate a judgment or decree. Mere conclusions of the pleader are not sufficient. There must be a showing of facts, by affidavit

or testimony, that present a controversy for determination by a court or jury." 212 Md. at 242-43.

*See, Guerassio v. American Bankers Corp.*, 236 Md. 500, 204 A. 2d 568 (1964). *Cf. Plitt v. McMillan*, 235 Md. 349, 201 A. 2d 787 (1964); *Stankovich v. Lehman*, 230 Md. 426, 187 A. 2d 309 (1963).

Secondly, the Bank says that since lack of consideration was the only ground for dismissal referred to in the Gordons' affidavit [3] or asserted in their behalf below, the ambiguity or lack of certainty which is alleged to obtain between the guaranty and the note cannot be raised on appeal. Rule 885, which provides that "This Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court; * * *" is simply enunciatory of the practice which has existed since 1825.[4] Maryland Code (1951) Art. 5, § 10; *Schiller v. Lefkowitz*, 242 Md. 461, 219 A. 2d 378 (1966). *See, Panamerican Consulting Co., Inc. v. Brown*, 238 Md. 438, 209 A. 2d 575 (1965); *Jolly v. First Union Sav. & Loan, Inc.*, 235 Md. 161, 201 A. 2d 4 (1964).

We share the views advanced by the Bank. The lower court was correct when it denied the Gordons' motion, since the affidavit alleged no facts or circumstances raising issues to be determined by a jury. Certainly, the alleged ambiguity between the guaranty and the note cannot be raised for the first time in this Court.

Even if this were not the case, however, the Gordons could not prevail. The guaranty agreement [5] was in a form customarily used in commercial banking, carefully drawn to protect the Bank from technical defenses which might otherwise be as-

---

3. Accord and satisfaction was a defense set out in some detail in the affidavit, but was apparently abandoned at the hearing on the motion and was not relied upon in the appellants' brief or in argument before us.

4. Chapter 117, Laws of Maryland (1825); Mundell v. Perry, 2 Gill & J. 193 (1830).

5. The record shows that this was a printed form, to which only the amount, the date, the name of the debtor and the signatures of the guarantors were added.

serted by the guarantors because of extensions or renewals without notice, the acceptance of additional security, or failure to make presentment, demand, or protest.

Judge Delaplaine, speaking for this Court in *Walton v. Hospital Association,* 178 Md. 446, 450, 13 A. 2d 627 (1940) restated the rule of the Maryland cases:

> "A contract of guaranty is a form of commercial obligation, which should be construed in furtherance of its spirit, without strict technical nicety, to promote liberally the use and convenience of commercial intercourse. The words of a guaranty should receive a fair and reasonable interpretation to effectuate the intention of the parties, and the circumstances accompanying the transaction may be considered in seeking the intention of the parties. The Court should give the instrument that construction which will best accord with the intention, as manifested by the language in the light of all the surrounding circumstances, without stretching the words beyond their import in favor of the creditor or restricting them in aid of the guarantor." [Citing cases.]

If this test is applied to the instrument before us, it is obvious that the intent and purpose of the Gordons was to guarantee, until such time as they gave written notice that no further advances were to be made, any indebtedness which Frontiers might incur at the Bank up to a maximum principal sum of $30,000, whether the debt was evidenced by one note or several. *See, Penrose v. Page,* 145 Md. 14, 20, 125 A. 553 (1924).

Nor can it be successfully contended that the guaranty was not supported by consideration. Consideration can be found in the circumstance that the guaranty was intended to induce the Bank to make the loan to Frontiers. This was of sufficient moment to Mr. Gordon, as an officer of Frontiers, and to Mrs. Gordon, as his wife, to cause them to sign. *See, Foland v. Hoffman,* 186 Md. 423, 47 A. 2d 62 (1946). Even if we assume that Mrs. Gordon joined only as an accommodation to her hus-

band, she is nonetheless bound by her agreement. *Crothers v. National Bank,* 158 Md. 587, 149 A. 270 (1930).

> *Order affirmed; costs to be paid by appellants.*