(Decided 8th March, 1877.)

HORACE E. ROBERTS, and others, Executors of HENRY T. ROBERTS *vs.* THE WOVEN WIRE MATTRESS CO. OF HARTFORD, CONNECTICUT.

*Evidence—Letters admissible to prove notice of the facts stated therein—Letters and judgment record admitted as part of the res gestæ—Guaranty: notice to guarantor of default of principal; consideration—What facts will evidence the acceptance of a contract, or its abandonment.*

A letter which is *per se*, and without further proof, inadmissible in evidence, may become admissible, when it is followed up by further proof, as purporting to give notice of the fact stated therein, and its admission will not be ground for reversal, particularly when no injury was done to the appellant thereby.

In an action against a surety, the record of a judgment against his principal, unless shown to be on account of matters connected with his guaranty, is inadmissible. But where the record shows a liability embraced by the guaranty of the surety, it is *prima facie* evidence for that purpose.

On the 26th of April, 1870, R. wrote a letter to the M. Co. stating his intention to take the agency of the Co., and that his brother would be offered as surety for the performance of his obligations. On the 12th of May, 1870, a contract of agency between R. and the Co was perfected, and on the 21st

Roberts, *et al. vs.* Woven Wire Mattress Co.

of May, 1870, a bond of indemnity was executed by his brother as guarantor. In a suit by the Co. against the guarantor on the bond, it was HELD:

That as a preliminary step towards a final arrangement, if made out to the satisfaction of the jury, between R., the Co., and the guarantor, the letter was a constituent part of the transaction, and was admissible in evidence.

Where letters were read to the jury by one party to a cause without objection or statement of the purpose; after the limitation of their effect upon the objection of the other party, it is not the province of the Court, *sua sponte,* to undertake to define any other purpose for which they might be used.

Where a party has given a bond to another to secure the faithful performance of the contract of a third person, it is the duty of the obligee to give reasonable notice to the guarantor of any defalcation on the part of the contractor. It is the prerogative of the Court to define the character of the notice, and the duty of the jury to determine whether such reasonable notice has been given.

Where a guaranty is subsequent to the contract between the principal and the guarantee, and forms no part of the consideration thereof, it requires a distinct consideration to give it efficacy as a collateral undertaking.

But where a guaranty expressly referred to a previous agreement between the principal and the guarantee, which was executory in its character, and embraced prospective dealings between the parties; then the guaranty purports upon its face and by necessary construction a sufficient consideration.

Where a contract of guaranty was signed by the guarantor, and delivered to the agent of the guarantee, and was in the possession of the guarantee at the time of a suit upon the contract, and was produced by him; there is sufficient *prima facie* evidence of the delivery and acceptance of the contract of guaranty, and other notice of its acceptance is unnecessary, unless there had been a stipulation to that effect.

Where a guarantor warranted the faithful performance by his principal of certain duties stipulated in a contract, among which was the duty of making returns of sales; the failure by the guarantee to notify the guarantor of his principal's default, and permitting the principal to make returns in a manner different from the stipulated mode, cannot afford sufficient evidence of the abandonment of the contract and the substitution of another.

Case where it was held that there was no evidence of the violation of a contract by one party thereto, sufficient to preclude him from recovering against the guarantor of the other party.

APPEAL from the Superior Court of Baltimore City.

This was an action brought by the appellee against the appellants as executors of Henry T. Roberts, deceased. The cause of action was a bond given by their testator to the plaintiff, dated May 21st, 1870, the condition of which was in these words :

"Whereas, M. Roberts has entered into an agreement with the said company, to act as their agent for the State aforesaid, to transact the sales of the company to the best of his ability, and to make returns for such sales to the company, for sales of previous months on the 15th of each month ; then if this agreement is well and fully fulfilled by said M. Roberts, this bond shall be null and void, otherwise in full force."

Mathias Roberts above named, became the general agent of the appellee for the State of Maryland, with the exclusive right of sale therein, by a written authority, dated May 12th, 1870 ; this paper refers to another containing the terms, periods of payment, &c., which was also dated May 12th, 1870.

Verdict and judgment being for the plaintiff, the defendants took this appeal.

*First Exception.*—After offering in evidence the bond and contracts above mentioned, the plaintiff then offered Stovie, a competent witness, who testified that he resided at Hartford, Connecticut, that he is the book-keeper of the plaintiff. and was at the time of the transaction in controversy in this case. The plaintiff then, under an agreement that copies of letters should be taken as originals, offered in evidence the following copy of a letter dated October 7th, 1——, and addressed to Henry T. Roberts, the signature thereto being admitted to be genuine.

*Dear Sir.*—I have just been advised by your brother, that you have returned to Baltimore, and take this early opportunity to write you in regard to the matters of business between us

When your brother, M. Roberts, started the agency in Baltimore, he furnished us your bond for $1000. It became evident in the summer that he would not be able to meet his obligations to us, but as you were absent from town, we were then unable to notify you of this fact. You have doubtless been aware of the circumstances however ; and we shall be pleased to have a speedy settlement of the account, which has already run too long. I am waiting for him to furnish us with his figures. The amount due is about seven hundred dollars.

Yours, respectfully,

GEO. C. PERKINS, *Secretary.*

The defendants objected to the admissibility of said letter, but the Court, (DOBBIN, J.,) allowed the same to be read to the jury. The defendants excepted.

*Second Exception.*—The witness, Stovie, then further testified, that the said letter was written by Mr. Perkins, October 7th, 1871 ; that the copy produced in evidence, was the copy taken, at the time it was written, in the regular letter book of the plaintiff ; and was brought by witness from the office of plaintiff with him ; that the date was imperfectly copied, as part of it was in print, and consequently the whole date of 1871, would not appear in the letter-press copy ; that the witness recollected mailing said letter, and walked with Mr. Perkins to the post office ; that he was able to recall this letter especially, because he directed it, and talked over it at the time, and was familiar with the fact of the trouble growing out of the defalcation of their agent, M. Roberts.

The plaintiff then offered in evidence, the record of a judgment obtained by plaintiff against Mathias Roberts, December 5th, 1872, in the Superior Court.

To the admissibility of this record under the pleadings and issues in this case, the defendants objected, but the Court allowed the same to be read to the jury, as *prima*

*facie* evidence of the liability of the defendants, and for such purpose only.   The defendants excepted.

*Third Exception.*—The plaintiff then offered in evidence a letter, the signature of which was admitted to be that of Mathias Roberts, addressed to the plaintiff, dated April 26th, 1870.

Mr. Geo. C. Perkins.

Dear Sir:—I am yet unsettled in my business arrangements, and am seeking a suitable warehouse for the mattresses.   I shall take the agency for Maryland, and will offer my brother as guarantee, that no loss shall accrue to your company in our transactions, his name is H. T. Roberts, No. 6 Saint Paul street, to whose number you can address the contract.

Very truly, &c.,<br>M. ROBERTS.

To the admissibility of this letter the defendants excepted, but the same was allowed to be read to the jury in connection with all the evidence in the case, as tending to show that the appointment of M. Roberts, as agent of the plaintiff, and the suretyship of the defendants, were parts of one and the same original transaction.   The defendants excepted.

*Fourth Exception.*—The defendants to sustain the issue on their part, offered certain testimony of Mathias Roberts: they also offered certain letters which had passed between him and the secretary of the plaintiff, in regard to the sale by plaintiff of two mattresses within the territory where, by his contract, he had the exclusive right of sale; the plaintiff however offering to allow him the commissions on the sale of said mattresses.

Upon cross-examination the witness Roberts, was asked if he did not receive from plaintiff letters demanding returns, and was offered the following letters, the signatures of which were admitted.

BALTIMORE, Sept. 29, 1871.

Dear Sir :—Your letter of the 21st is received and contents noted.   My brother's return is expected on the 1st of October, and I shall endeavor to have matters between us closed as speedily as possible ; it has been suggested by the largest manufacturer in the State that I transfer to him my right of agency for a compensation in the shape of per cent. on sales, he ordering the mattresses on 30 days, and he assuming the payment of all bills ; he is undoubtedly responsible ; if you will consent to such an arrangement, you will receive an order immediately for beds amounting to $300, as I am now holding orders that will cover half that amount.

I am behind in running the bed thus far, but still believe the future will pay to run it as a specialty, but I am not able.   Hoping this arrangement will suit,

I remain, respy.,

M. ROBERTS.

BALTO., Octo. 20, 1871.

Mr. Geo. C. Perkins,

Dear Sir :—Not being much here, I found this morning from you three letters of different dates, urging that I make a statement of my acct., and offer again to Mr. Hanson the remaining beds on hand ; as I have always abided by your statements heretofore, I see no reason why I should now digress from that rule, and as I said before Mr. Hanson declines to make an offer for the mattresses on hand.  I trust you will consider this an answer to your communications on the subject ; with regard to an answer from my brother to your letter, I have no control in the matter ; the woven wire mattress, I assure you, has *busted* me—I am dead broke, and I'm running about for insurance again.                            Respy.

M. ROBERTS.

The witness admitted he had received the letters referred to, but the defendants excepted to the admissibility of the above letters as competent to prove that the said Henry T. Roberts was cognizant of the facts stated in the same; which objection was sustained by the Court, but the same were allowed to be read to the jury for other purposes. The defendants excepted.

*Fifth Exception.*—This was to the ruling of the Court on the prayers of the respective parties, which were as follows:

The plaintiff offered the following prayer:

If the jury find that the contract between the witness, M. Roberts, and the plaintiff, and the guaranty given by the defendant to the plaintiff, were made and given in pursuance of one and the same understanding, although in fact written and signed on the days of their respective dates; and shall further find that the said M. Roberts made default under the terms of said agreement between him and the plaintiff, by which default the plaintiff was damnified; and shall further find that the defendant had reasonable notice given him by the plaintiff of such default, and that neither the said M. Roberts nor the defendant has made good the wrong and injury consequent on said default of said M. Roberts, then the plaintiff is entitled to recover.

And the defendants offered the eight following prayers.

1. If the jury find from the evidence, that the witness, M. Roberts, and the plaintiff made the contract of agency for the sale of plaintiff's goods, dated May 12, 1870, and that the said M. Roberts then became the agent of the said plaintiff, and that the paper purporting to be a guaranty, dated May 21, 1870, and signed by Henry T. Roberts, defendant, was made and executed at the date thereof, and consequently subsequent to the aforesaid contract of agency, then such guaranty must contain a new and distinct consideration to render the same valid and obligatory between the plaintiff and defendant, and the said

paper dated May 21, 1870, does not contain such consideration, and the plaintiff is not entitled to recover.

2. If the jury find from the evidence that the plaintiff and M. Roberts made the contract of agency, dated May 12, 1870, for the sale of plaintiff's goods, and that said Roberts then became such agent, and that the paper purporting to be a guaranty, dated May 21, 1870, and signed by Henry T. Roberts, was made and executed at the date thereof, and consequently subsequent to said original contract of agency, and that the sum of $1000 mentioned in the said paper—nor any other sum of money was paid by plaintiff to the defendant as the consideration thereof, at that time or any other time, then the said contract is inoperative in law and the plaintiff is not entitled to recover.

3. If the jury find from all the evidence in the case that the defendant Roberts signed and delivered to M. Roberts, the agent of the plaintiff, the guaranty offered in evidence, dated May 21, 1870, that then the said guaranty could not operate as a valid obligation or contract between the plaintiff and the defendant Roberts, until the same had been accepted by the plaintiff, and until the plaintiff had duly notified the defendant, Henry T. Roberts, that said guaranty was accepted, and there is in this case no such evidence of such notice of acceptance, and the plaintiff is not entitled to recover.

4. If the jury find from the evidence that the witness, Mathias Roberts, and the plaintiff, made the contract of agency for the sale of plaintiff's wares in Maryland, bearing date May 12, 1870, and that at that time the said agent owned or possessed as stated by him, the sum of $1000, and that the defendant made and delivered the contract of guaranty, dated May 21, 1870; and if the jury find that the said witness, M. Roberts, made default in not returning sales as required in his contract shortly after executing the same, then it became the duty of the

plaintiff to notify the defendant of such default within a reasonable time after said default; and if the jury find that the plaintiff allowed said default to continue and be repeated for a long time thereafter without notice to the defendant thereof, and that the said M. Roberts became insolvent in the meantime and before such notice was given to the defendant, then the jury may infer that the defendant has been damnified by the negligence of the plaintiff, and he is not entitled to recover.

5. If the jury find from the evidence that the witness, M. Roberts, and the plaintiff made the contract of agency offered in evidence, dated May 12, 1870, then it became the duty of said M. Roberts to make returns of sales at the time stated in the said agreement; and if the jury find that the said M. Roberts never did make returns of sales at the times required; and that the plaintiff did not, when such default occurred, or within a reasonable time thereafter, notify the defendant of such default, but suffered and permitted the said agent to make returns at other times or in a manner different from the terms of the contract, then there is evidence from which the jury may infer that the plaintiff and said agent had abandoned the said terms or had made others and different ones; and if the jury so find, then the plaintiff is not entitled to recover.

6. If the jury find from the evidence, that the witness, M. Roberts, became the agent of the plaintiff on the 12th day of May, 1870, under the agreement of that date offered in evidence, then it became the duty of said agent to make returns of sales at time and manner stated in said agreement; and if the jury further find that the defendant executed the contract or guaranty, dated May 21st, 1870, conditioned for the faithful execution of said contract or agency as stated therein, and if the jury further find from the evidence, that the said M. Roberts made default, and did not comply with the terms of his contract, and

made default in not returning sales of the plaintiff's goods, as required in said agreement, then it became the duty of the plaintiff to notify the defendant of such default within a reasonable time after the same occurred; and if they find that the letter offered in evidence by the plaintiff, dated October —, 1871, (if they find that the said letter was in fact written and mailed at that time) was the first notice imparted to the defendant of the default of said M. Roberts, and that at that time the said M. Roberts, had become insolvent and irresponsible, that then plaintiff is not entitled to recover.

7. If the jury find from all the evidence, that the guaranty offered in evidence by the plaintiff, signed by Henry T. Roberts, was executed and delivered subsequent to the appointment of the witness, M. Roberts, as agent of the plaintiff, under the agreement dated May 12th, 1870, that then the said guaranty is inoperative and void, unless a new and separate consideration passed from the plaintiff to the defendant at the execution thereof, and stated as set forth in said guaranty, and the said guaranty offered in evidence in this case does not contain such consideration, and the plaintiff is not entitled to recover.

8. If the jury find that the plaintiff and the witness M. Roberts, made the agreement of agency for the sale of plaintiff's wares in Maryland, dated May 12, 1870, then the said M. Roberts was entitled as stated in said agreement, to the exclusive sale of plaintiff's goods in and for the State of Maryland; and if the jury find that the plaintiff sold goods in this State, to parties in this State, that then the plaintiff acted in contravention to said agreements, and varied the terms and conditions of the same in a material matter, and it cannot recover against the defendant as guarantor of the said agreement, under the contract offered in evidence, dated May 21st, 1870.

The Court granted the plaintiff's prayer, and rejected the first, second, third, fifth, seventh and eighth prayers

of the defendants, and granted their fourth and sixth. The defendants excepted.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, GRASON, MILLER and ALVEY, J.

*John C. King*, for the appellants.

*S. S. Pleasants* and *Fielder C. Slingluff*, for the appellee.

STEWART, J., delivered the opinion of the Court.

The admission of the letter agreed to have been signed by Perkins, secretary of the appellee, bearing date October 7th, 1871, addressed to Henry T. Roberts, was the ground of appellants' first exception.

This letter *per se*, and without further proof or statement that it was to be followed up, was inadmissible; but when in the further progress of the case, it was proved by Stovie, the witness, that the letter was mailed, it was admissible, as purporting to give notice to the appellant of his brother's defalcation.

Its admission under the circumstances, affords no valid ground for the reversal of the judgment, as no injury was done to the appellant. See *Wyeth vs. Walzl*, 43 *Md.*, 426.

There was no error in the second exception admitting the record of the judgment of the appellee against M. Roberts.

The appellant, the surety, being no party to the judgment, that, of course, furnished no evidence against him *per se;* and unless shown to be on account of matters connected with his guaranty, was not admissible. The act or admissions of his principal could not bind him as the surety without such connection.

But the record of the judgment, including the declaration and account of the appellee, upon which the judgment was rendered, having been admitted by the agree-

ment of the counsel filed since the argument of the case, that shows a liability embraced by the guaranty of the appellant. The record was admissible as *prima facie* evidence for that purpose. *Iglehart vs. State,* 2 *G. & J.,* 235.

The admissibility of the letter, the signature to which is conceded to be that of M. Roberts, addressed to the appellee, bearing date April 26th, 1870, and produced by the appellees, is the ground of the third exception.

The letter referred to events to occur in the future, stating the intention of M. Roberts to take the agency of the appellee for the State of Maryland, and that his brother would be offered as surety for the performance of his obligations. As a preliminary step towards a final arrangement, if made out to the satisfaction of the jury from all of the testimony, between his brother and himself and the appellee, it was a constituent part of the *res gestæ* of the transaction, and there could be no reasonable objection to its admission, and the Superior Court committed no error in so ruling.

We discover no principle of the. law of evidence that will admit the letters offered in proof, in the fourth exception, by the appellee, as competent to prove that H. T. Roberts was cognizant of the matters stated therein. The letters having been read to the jury by the appellee, without objection or statement of the purpose, after the limitation of their effect upon the objection of the appellant, it was not the province of the Court *sua sponte,* to undertake to define any other purpose for which they might be used. Whether they had any other pertinency to the case could be determined by the jury, if the appellant did not think proper to ask to have them withdrawn.

The point is rather immaterial. The rulings in this exception must be affirmed.

The granting of the appellee's prayer, and the refusal of the appellants' first, second, third, fifth, seventh and eighth prayers, constitute the fifth exception.

There is no doubt it was the duty of the appellee to give reasonable notice to the appellant, of any defalcation on the part of M. Roberts, whose faithful conduct he had guaranteed.

After the Court had instructed the jury, that such notice was necessary, it was their province to determine whether such reasonable notice was given. It was the prerogative of the Court to define the character of the notice, and the duty of the jury to determine from all the facts if the notice had been given, and such as was reasonable under all the circumstances.

Especially after the appellant had the benefit of his fourth and sixth prayers, we do not see upon what principle he has any valid ground of complaint.

The appellee's prayer was properly granted.

The first, second and seventh prayers of the appellant involving modifications of the same question were properly refused. There is no doubt of the law, that if the guaranty was subsequent to the contract between M. Roberts and the appellee, and formed no part of the consideration thereof, it required a distinct consideration to give it efficacy as a collateral undertaking; but the terms of the guaranty expressly refer to the agreement made with the appellee by M. Roberts, to act as their agent to transact the sales of the company to the best of his ability, and to make returns for such sales to the company for the previous month on the 15th of each month; showing the agreement to have been executory in its character, embracing prospective dealings between M. Roberts and the appellee; purporting upon its face and by necessary construction a sufficient consideration, and is clearly within the principle decided in the case of *Hutton vs. Padgett*, 26 *Md.*, 228, and reiterated in the recent case of *Deutsch & Co. vs. Bond*, *ante* 164.

The appellants' third prayer was properly refused.

If the guaranty offered in evidence referred to in this prayer, was signed and delivered to M. Roberts the agent of the appellee, and was in his possession and produced by him, that was sufficient *prima facie* evidence in the absence of any proof to the contrary, of the delivery and acceptance of the contract of guaranty; and other notice of its acceptance was unnecessary unless there had been a stipulation to that effect. *Union Bank of Maryland vs. Ridgely*, 1 *H. & G.*, 324.

The appellant had substantially the benefit of his fifth prayer in the granting of his fourth and sixth prayers, so far as any failure to give notice to the appellant, of any default of M. Roberts was concerned.

The failure to give appellant notice of M. Roberts' default, and permitting the agent, M. Roberts, to make returns in a manner different from the terms of the contract, could not afford sufficient evidence of the abandonment of the contract and the substitution of another, and such conclusion should not have been submitted to the jury The prayer was properly refused.

The appellants' eighth prayer was properly refused. There was no sufficient evidence of such violation of the contract on the part of the appellee, as totally to preclude the appellee from recovery thereunder.

*Judgment affirmed.*

(Decided 8th March, 1877.)