MARION WATKINS ET AL. *v.* STATE, USE OF GERTRUDE MATTHEWS.

[No. 4, April Term, 1932.]

610

*Decided June 20th, 1932.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Arthur E. Briscoe* and *Josiah F. Henry, Jr.,* for the appellants.

*Albert H. Blum* and *Bernard B. Feikin,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The appellee Gertrude Matthews, claiming to be a creditor of a decedent, has brought suit on the bond of the administratrix, after a judgment has been obtained in a suit against the administratrix alone, and has not been paid; and the principal question is whether the judgment in the original suit now precludes defenses on behalf of the sureties against the claim made. As defendants in this second suit, on the bond, they pleaded general denials of the claim, and filed special pleas alleging that the administratrix, in the due and legal course of the administration, had, without notice of the plaintiff's claim, by the filing of suit or otherwise, distributed the assets, and further had distributed under an order of the orphans' court, after a meeting of distributees duly called under article 93, section 148, of the Code. The plea which alleged distribution under the order of court after a meeting of distributees, the sixth plea, made no reference to knowledge by the administratrix at the time of the claim then already in suit, and was held bad on demurrer; and there was no amendment made. To the other special pleas, alleging distribution made in due, legal, course, without notice of the claim, demurrers were filed by the plaintiff, but were overruled, and then replications were filed denying the allegations of each of those pleas, and still another replication, to all the special pleas together, alleged that the defenses now made had been set up and adjudicated in the original suit against the administratrix, and judgment in that suit had been against the administratrix. A demurrer was filed to each of these replications on behalf of the administratrix and the sureties separately. And the overruling of the demurrer to the replication setting up the earlier judgment as a bar brings up the principal question to be considered. It is also raised by a ruling on evidence during the trial of the case.

The evidence on that trial included papers from the original suit, comprising the declaration, the pleas, a motion for a new trial, docket entries, and a memorandum filed by the trial judge, who heard the case without a jury, in explanation of the verdict. Testimony of witnesses also was taken at the trial of the suit on the bond. The defendants sought to attack the plaintiff's claim by proving lack of notice of it to the administratrix before she distributed the estate, but the evidence offered for that purpose was excluded upon objection. It is recited in the pleas in this suit, especially in the defendants' sixth plea, that a meeting of distributees of the estate was under an order of court of February 28th, 1930, held on May 2nd, 1930, and that on May 8th, 1930, after the meeting, the final order for distribution was passed. The plaintiff here filed her suit against the administratrix on May 7th, 1930, after the meeting of the distributees, and on the day before the passage of the order resulting from that meeting. In the memorandum filed by the court with the verdict in that original suit, it is recited that summons had not been obtained upon the administratrix until May 14th, 1930, six days after the final order for distribution, but that her counsel had been fully informed of the plaintiff's claim and of her determination to collect the amount. The existence of the suit on May 7th, of itself, was considered to have carried notice to the administratrix. And, while the judge's memorandum is not part of the judgment, and not original evidence of the facts recited, the appeal has been argued upon those facts, and it may be taken for granted that they might have been brought out by defendants' excluded questioning on notice to the administratrix.

The effect, in a suit over against a surety, of a judgment previously recovered on the claim against the principal alone, is a subject on which courts have taken different views, and the text-writers have not all agreed on which view has the support of the weight of authority. *Brandt, Suretyship,* secs. 802 and 803; *Stearns, Suretyship,* 148; *Pingrey, Suretyship,* sec. 243; *Freeman, Judgments* (5th Ed.), 1019; *Bigelow, Estoppel* (6th Ed.), 162. And see review of decisions in

notes, 40 *L. R. A.* (N. S.) 698, 715, and *Ann. Cas.* 1915D, 400, 401, 402. As will be seen from the discussions, some of the authorities distinguish between suits on administration bonds and suits on bonds of other descriptions, finding that the undertaking of the surety on an administration bond is that a claim determined by judgment shall be paid, and that therefore the judgment is binding and conclusive against the surety as the subject of his undertaking. All courts start with the principle that a judgment is not binding and conclusive except upon parties and those in privity with parties to the suit in which the judgment has been entered, but they differ on grounds for making an exception of sureties among those not parties. The grounds need not be discussed further here, for a review of the decisions of this court seems to show a settled adherence in this jurisdiction, in suits on administration bonds and bonds of other descriptions alike, to the view that the judgment against the principal serves as no more than *prima facie* evidence of the claim in the suit against the surety. And this has been considered to be a relaxation of the general rule adopted for only peculiar undertakings. *McClellan v. Kennedy,* 8 Md. 230, 252. Accordingly, it has been held that, with only the *prima facie* evidence to meet, the surety might, if he could, disprove the principal's liability for the debt alleged and claimed.

The first relevant case in our reports was *Beall v. Beck,* 3 H. & McH. 242, a General Court case; and in that it was held that a judgment against a sheriff was not even admissible as evidence in a suit against a surety on his bond. But the case was shaken as an authority by a decision of the Supreme Court in *Drummond v. Prestman,* 12 Wheat. 523, 6 L. Ed. 712, and *Iglehart v. State,* 2 G. & J. 235. The Supreme Court said of *Beall v. Beck* that: "If the attempt was made to introduce the record as final and conclusive against the surety, it was properly rejected, and in the absence of anything to prove the contrary, we cannot but suspect, that such was the true import of that decision. In any other view, we should not feel satisfied to recognize its authority." *Iglehart v. State,* a case regularly cited in later Maryland deci-

sions as settling the rule for this state, was a suit on an executor's bond; and the surety pleaded that there had been no assets in the hands of the executor liable for the claim. On a general demurrer the court found the plea insufficient because of an implication in the plea, as worded, that there may have been assets at some time, but the court added that the surety should have pleaded *plene administravit* or a substitute for such a plea. Concerning the effect of the judgment against the principal, it was said, page 245 of 2 G. & J.: "The confession of a judgment by an executor is conclusive on him, as well as to the debt confessed, as to the sufficiency of the assets to pay it; but what legal effect it has on the rights of his surety, in the testamentary bond, is the question to be solved? Not being a party to the judgment, he cannot be concluded by it, although his liabilities depend on the acts and confessions of his principal. It seems to us, therefore, that in determining his rights, the judgment against the executor, ought to be considered to have but a *prima facie* influence, either as to the debt recovered, or the sufficiency of the assets to pay it. As to him it is nothing more than the declarations or confessions of the principal, clothed with legal solemnities, and should only be deemed in all respects correct, until the contrary is made to appear. This opinion is in accordance with *Drummond v. Prestman,* 12 Wheat. 519 (6 L. Ed. 712). * * * It is opposed, however, to *Beall v. Beck,* 3 H. & McH. 242; unless that case is to be understood as construed by the Supreme Court of the United States * * *, in which sense we acknowledge its authority."

In *Owens v. Collinson,* 3 G. & J. 25, 35, discussing the interest of sureties, and their competency as witnesses, in a suit by a distributee against an administrator, the court said: "They are interested in the event of the suit, because the decree of the chancellor, if in favor of the defendant, absolves them from all liability; if against the defendant, it is evidence against them when sued on their bond." A like statement of the rule was made in *Kearney v. Sascer,* 37 Md. 264, 282; *Roberts v. Woven Wire Mattress Co.,* 46 Md. 374,

385; *Parr v. State,* 71 Md. 220, 235, 17 A. 1020; *Taylor v. State,* 73 Md. 208, 220, 20 A. 914, 915; and *Grafflin v. State,* 103 Md. 171, 177, 63 A. 373. In *Parr v. State, supra,* the court added: "The Supreme Court of the United States have held in *Stovall v. Banks,* 10 Wall. 583, that a recovery by a decree against an administrator, the principal in the bond, is binding and conclusive against the sureties as well as the principal and that the sureties would not be allowed to attack the decree collaterally. But this would seem to be giving to the recovery against the principal an effect as against the sureties greater than this court has hitherto allowed." "It is a general rule," said Judge McSherry, in *Taylor v. State, supra,* "which obtains in every system of jurisprudence, that no person is bound by judgment or decree except the parties to the cause, and those who stand towards them in some relation of privity. There are several such relations of privity. In some, the estoppel is conclusive, in others, but *prima facie.* There is a privity in contract between principal and surety, but a judgment or decree against the former is not ordinarily a conclusive, but only a *prima facie,* estoppel against the latter."

Expressions in the opinion in *Jenkins v. State,* 76 Md. 255, 23 A. 608, 790, have been cited as the chief reliance for a rule in this state giving the judgment a binding or conclusive effect in the subsequent suit against the surety, and some of the expressions, taken alone, lend force to the argument. But the opinion in that case also stated that the effect of the judgment was that of *prima facie* evidence, the decision was rendered by several judges who had sat in the two cases last quoted above, and Judge Briscoe, who wrote the opinion, sat in the later case of *Grafflin v. State,* 103 Md. 171, 63 A. 373, in which the effect of the judgment was, upon the authority of *Iglehart v. State* and the succeeding cases, restricted to that of *prima facie* evidence only. And that, we think, we are required to take as the rule for decision in this case.

It results from this conclusion that the single fact of the adjudication of the defenses when made by the administratrix

in the suit against her alone, which fact was set up in bar of the defenses on the same grounds by the sureties, was not sufficient as a bar, and that the replication setting it up was demurrable. There was error, therefore, in the overruling of the demurrer to it. And for the same reason the sureties should have been permitted to show by evidence that the administratrix did not have notice of the claim when distribution was made. Assuming that the dates are correct, the fact that the plaintiff's suit was filed on May 7th would not of itself be sufficient to show notice of the claim to the administratrix, for notice of a pending suit is not deduced from the mere filing; the service of summons or subpœna, or actual notice from some other source, is requisite. *Sanders v. McDonald,* 63 Md. 503, 511; *Murguiondo v. Hoover,* 72 Md. 9, 17, 18 A. 907. And actual notice to counsel to the administratrix would not be sufficient, unless counsel was in some way placed in the position of representative of the administratrix to receive notice for her. The facts from which these questions of notice would be decided do not appear in the record now, and, in order that they may be brought out, a new trial must be had.

There was no error in sustaining the demurrer to the defendants' sixth plea, alleging distribution after a meeting of distributees under the statute, for even with so much established there might still have been liability because of notice to the administratrix of the claim. Code, art. 93, sec. 111.

It has been argued that the legal effect of the judgment was weakened or destroyed by reason of the fact, recited in the trial judge's memorandum of reasons for the verdict, that the plaintiff had in the first suit been permitted to testify to transactions had by her with the decedent, in violation of section 3 of article 35 of the Code, but by no process could that result follow. Except when reviewed on appeal, the force of a judgment is unaffected by any error in rulings on evidence during trial. And this second suit, on the bond, is in no respect a review of rulings in the first.

There were only two rulings prayed on the law of the whole case. The plaintiff prayed a verdict in its favor as a

matter of law on the evidence and rulings previously made, and there need be no discussion of the prayer now, for the new trial is to be on further evidence and altered rulings. The prayer falls with the case on which it asked a ruling. The defendants prayed a ruling that, if no claim was made on the sureties until after more than six months from the granting of letters of administration, the verdict should be for the sureties; but there is no such limitation upon the claim. Code, art. 93, secs. 103, 109, 110, and 111. The prayer was therefore properly refused.

No other exceptions were pressed in this court, and we have not found error in any other rulings.

*Judgment reversed, and new trial awarded, with costs.*

DIGGES and PARKE, JJ., dissent.