**KELLY–SPRINGFIELD TIRE CO., A Maryland Corporation, Plaintiff,**

v.

**ACTION AUTOMOTIVE DISTRIBUTORS, INC., An Illinois Corporation, Action Management Company, An Illinois Corporation, Cicero Grant Automotive Speed Center, Inc., An Illinois Corporation, Des Plaines Grand Automotive Speed Center, Inc., An Illinois Corporation and Oakton Racing, Inc., An Illinois Corporation, Defendants.**

No. 86 C 0739.

United States District Court,
N.D. Illinois, E.D.

Oct. 22, 1986.

Fern C. Bomchill/Carrie Huff, Mayer, Brown & Platt, Chicago, Ill., for plaintiff.

Howard E. Gilbert/Michael D. Richman/Katherine A. Williams, Bernard Kleinman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Kelly-Springfield Tire Company ("Kelly-Springfield") filed this diversity action against Action Automotive Distributors, Inc. ("Action Automotive"), Action Management Company ("Action Management"), Cicero Grand Automotive Speed Center, Inc. ("Cicero"), Des Plaines Grand Automotive Speed Center, Inc. ("Des Plaines") and Oakton Racing, Inc. ("Oakton") to collect a debt owed it by Action Automotive for goods purchased and received by Action Automotive. The other four defendants were sued because they had executed guaranty agreements as to Action Automotive's debt to Kelly-Springfield. Currently before the Court is Kelly-Springfield's motion for summary judgment as to all counts. For the reasons below, we grant that motion.

## FACTS

The following facts are uncontested. Action Automotive, by Patrick Sullivan as president, and Kelly-Springfield executed a dealership agreement on August 26, 1982. By this agreement Kelly-Springfield appointed Action Automotive as a non-exclusive authorized dealer of Kelly-Springfield products. A provision of that agreement provided that "[i]f dealer fails to make any payment or payments when due, Kelly-Springfield may, at its option, terminate this Agreement or defer additional shipments until such overdue amounts have been paid. Kelly-Springfield may decline to make deliveries except for cash whenever Kelly-Springfield is not satisfied with Dealer's financial condition or responsibility." (Exhibit A to Complaint ¶ 7).

On September 25, 1982, Patrick Sullivan, as president of Action Management, Cicero, Des Plaines and Oakton, executed and delivered to Kelly-Springfield guaranties of indebtedness of Action Automotive to Kelly-Springfield. (Exhibits D–G to Complaint). Each guaranty recites that "[f]or value received and in consideration of the credit which you may hereafter extend to Action Automotive Distributors, Inc. ... the Guarantor hereby guarantees the payment when and as due of any and all *present or future indebtedness* of any nature to you now owing or hereafter incurred by said customer...." Each guaranty further recites that "[t]his Guaranty is an absolute and continuing Guaranty to continue until you [Kelly-Springfield] shall receive written notice of its revocation sent by Certified Mail Return Receipt Requested, but such revocation shall not in any way relieve the Guarantor from liability for indebtedness contracted prior to the service of such notice."

By this Court's order of July 8, 1986, and by denial of defendants' motion for reconsideration, it was established that Action Automotive owes Kelly-Springfield no less than $231,416.22 for goods purchased pursuant to the Kelly-Springfield Authorized Dealer Agreement. Kelly-Springfield has demanded payment from Action Management, Cicero, Des Plaines and Oakton for amounts owing to Kelly-Springfield by Action Automotive for goods purchased pursuant to the dealership agreement. All four companies refused to pay the amounts owing to Kelly-Springfield for the goods purchased.

Action Automotive and Kelly-Springfield executed a Purchase Money Security

Agreement dated August 26, 1982, to secure payment of the purchase price of goods purchased by Action Automotive pursuant to the dealership agreement from Kelly-Springfield. On October 8, 1982, Kelly-Springfield filed with the Office of the Secretary of State of Illinois a Form UCC–1 Financing Statement showing Action Automotive as Debtor and Kelly-Springfield as Secured Party and listing as collateral debtor's entire existing and hereafter acquired inventory of tires and tubes manufactured by or for and acquired from Kelly-Springfield, together with all proceeds and replacements thereof and all accounts and notes receivable, contract rights and other evidences of indebtedness existing or hereafter acquired with the proceeds thereof.

## MOTION FOR SUMMARY JUDGMENT

Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* — U.S. ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.*

Defendants raise two facts which they contend are contested issues of fact. First, they claim that the amount in controversy is contested. Although, plaintiff stated in its brief that it would ultimately prevail on its claim for payment in excess of $231,-416.22 in payment of the debt, it has stipulated that it would accept the uncontested amount of $231,416.22 in payment of the debt. Therefore, there is no longer any controversy as to the amount owed to plaintiff. Next, defendants contend that the amounts plaintiff initially demanded

were in error, and that this presents a contested issue of fact. It may well be that this remains a contested issue, however, the court fails to see, and defendants fail to explain, why this is a *material* issue of fact. Once plaintiff stipulated to the lesser amount, the fact that it once demanded a higher amount became irrelevant to the issue of whether defendants are liable for the stipulated amount. Again, only disputes that might affect the outcome of the suit will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* — U.S. at ——, 106 S.Ct. at 2510.

Because the Court finds there is no dispute as to any material fact, we next must decide whether plaintiff is entitled to judgment as a matter of law. Defendants raise only one issue which they contend precludes summary judgment. Defendants contend that the guaranties in question were not supported by sufficient consideration. This issue, however, is relevant only to the guarantor defendants, Action Management, Cicero, Des Plaines and Oakton. Thus, defendant Action Automotive apparently concedes liability to Kelly-Springfield on Counts I and II. Therefore, this Court grants plaintiff's motion for summary judgment as to Counts I and II against Action Automotive in the amount of $231,416.22. We will also allow plaintiff's action for foreclosure of plaintiff's security interest in all Kelly-Springfield tires and tubes sold to Action Automotive by plaintiff and currently in Action Automotive's possession. Additionally, plaintiff is entitled to immediate possession of all collateral and any proceeds of the collateral held by defendant Action Automotive in which plaintiff has a security interest. Plaintiff is also entitled to an accounting.

## LIABILITY OF THE GUARANTORS

■ Defendant guarantors contend that the guaranties in question are unenforceable because of a failure of consideration. They argue that because the initial dealership agreement contemplated that credit would be given to Action Automotive by Kelly-Springfield, the consideration of future credit is really past consideration for

the initial dealership agreement. Defendant guarantors correctly point out that consideration once rendered cannot be recycled as consideration for a separate, subsequent undertaking. *Jones v. Calvin B. Taylor Banking Co.*, 253 Md. 430, 253 A.2d 742, 748 (1969).[1] It is also clear that under Maryland law a guaranty given to induce the extension of credit to a third party is supported by consideration when credit is extended. *Gordon v. State National Bank of Bethesda*, 249 Md. 378, 239 A.d 915, 919 (1968). *Accord Jones v. Calvin B. Taylor Banking*, 253 Md. 430, 253 A.2d 742, 748 (1969). These defendants contend, however, that because Kelly-Springfield had already agreed to extend credit to Action Automotive in the dealership agreement, as part consideration for that agreement, that the extension of future credit cannot serve as consideration for the subsequently executed guaranties. Although there is no Maryland case on point, it is hornbook law that "[a] guaranty of the payment of past and future indebtedness is supported [by consideration] by an agreement to extend future credit or by the making of a loan to the debtor in addition to an existing obligation." 38 Am.Jur.2d *Guaranty* § 43 (1968).

A past consideration is one which has already served its purpose in a former transaction and is, therefore, not sufficient to support the promise of a guarantor; and, therefore, where the guarantor derives no benefit from the principal contract, and the contract of guaranty is made so long subsequent to the execution of the principal contract that it cannot be said to have been a part of the original transaction, and the guarantee has taken no action to his prejudice in reliance on the guaranty, the considera-

tion for the principal contract is not sufficient; but there *must* be new and independent consideration to support the guaranty, and in some jurisdictions this rule is prescribed by statute. *Where however, a guaranty expressly covers past and future transactions and is supported by consideration arising out of the future transactions, it is good as to the whole.*

38 C.J.S. *Guaranty* § 26 (1943) (emphasis added and footnotes omitted). As defendants noted in their brief, "Kelly-Springfield was under no continuing obligation to extend credit ..." under the dealership agreement and thus at any time could refuse to extend further credit to Action Automotive.

■ Plaintiffs have produced evidence which shows that Kelly-Springfield required the guaranties from the four companies as a condition of extension of credit to Action Automotive. Attached to the complaint and made a part thereof under Fed. R.Civ.P. 10(c) are the corporate resolutions executed by the defendant guarantors. Each states: "Whereas, the Kelly-Springfield Tire Company, of Cumberland, Maryland, as a condition to the extension of credit to Action Automotive Distributors, Inc. (Illinois), its Customer, has requested that this company guarantee the payment to the Kelly-Springfield Tire Company of any and all present or future indebtedness of the said Customer to it...." Defendant guarantors have presented no evidence which contradicts this evidence or tends to show that the guaranties were made for reasons other than as a requirement for the extension of future credit to Action Automotive. Even if the initial dealership agreement contemplated the extension of credit to Action Automotive, Kelly-Spring-

---

1. The guaranties in question each provide that the guaranty should be construed under Maryland law. Under the *Erie* doctrine, a federal court must apply the choice of law rules of the forum state to determine which state's law to apply. *Klaxon v. Stentor Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Illinois, parties may in general agree by contract that a given state's law governs any future disputes arising out of the contract. *See, e.g., Hofeld v. Nationwide Life Insurance Co.*, 59

Ill.2d 522, 529, 322 N.E.2d 454, 458 (1975). Therefore, under Illinois choice of law, the parties can agree that Maryland law will apply to this dispute as to the guaranties. This is not necessarily the case with the dealership agreement, as that document is silent as to choice of law. Because we resolve this matter in the manner we do, we have no reason to decide which state's law should govern interpretation of that document.

field was under no legal obligation to continue to extend credit to Action Automotive. The evidence before the Court tends to show that Kelly-Springfield decided that it wanted additional assurance that Action Automotive's debts would be paid. Kelly-Springfield then required that the four guarantors execute the guaranties as a condition to Kelly-Springfield's extension of future credit to Action Automotive. Because the guaranties specifically covered the past indebtedness and the future indebtedness, the guaranties were in part for the *new* indebtedness, which Kelly-Springfield had no legal obligation to incur and as such there was sufficient consideration. *See, e.g., Gem Metal Specialties v. Active Wire & Metal Products Corp.,* 198 N.Y. S.2d 528, 529 (N.Y.Sup.Ct.1960). As the Court of Appeals of Maryland has stated: "It is recognized that any benefit moving to the promisor will suffice, if it is not one which the opposite party was already legally bound to render." *Jones v. Calvin B. Taylor Banking,* 253 Md. 430, 253 A.2d 742, 748 (1969) (citing *McKenzie v. Egge,* 207 Md. 1, 113 A.2d 95 (1955)).

Thus, where each defendant guarantor agreed to guarantee "all present or future indebtedness" of Action Automotive and where Kelly-Springfield did extend credit to Action Automotive subsequent to the execution of the guaranties,[2] the guaranties were supported by consideration.

In conclusion, plaintiff is entitled to summary judgment as to Counts I and II against Action Automotive in the amount of $231,416.22 and plaintiff's actions for foreclosure of plaintiff's security interest in all Kelly-Springfield tires and tubes sold to Action Automotive by plaintiff and currently in Action Automotive's possession. Additionally, plaintiff is entitled to immediate possession of all collateral and any proceeds of collateral held by defendant Action Automotive in which plaintiff has a security interest and plaintiff is entitled to an accounting. Finally, because we find that each of the guaranties is supported by sufficient consideration, plaintiff is entitled to summary judgment as to Counts III–VI against defendants Action Management, Cicero, Des Plaines and Oakton, respectively, in the amount of $231,416.22. It is so ordered.[3]

---

**2.** Defendants in their brief contend that "nothing purports to maintain or show that the consideration which supposedly supports the subsequent guaranties was ever conveyed." Yet, in their answer defendants never denied that Action Automotive was not indebted to plaintiff, only that Action Automotive was not indebted to plaintiff for the *amount* plaintiff initially claimed. Because averments in a pleading to which a responsive pleading is required, other than those as to the *amount* of damages, are admitted when not denied in the responsive pleading, the fact that Kelly-Springfield did extend credit to defendant Action Automotive is admitted. Fed.R.Civ.Pro. 8(d).

**3.** Plaintiff has requested that this Court award plaintiff attorney's fees incurred in opposing defendants' motion for reconsideration for sanctions against defendants for their failure to comply with the Court's Order of June 27, 1986, and the attorney's fees incurred in obtaining this Court's Orders of June 27 and July 8. That request is hereby granted pursuant to Fed.R. Civ.P. Rules 37(a)(4) and (b)(2), and plaintiff is entitled to recover such fees jointly from all defendants and their attorneys.